JANE A. BICKNELL *vs.* RACHEL A. BICKNELL & another.

The plaintiff's husband should not be appointed guardian *ad litem* of infant defendants, although he is their father and guardian.

One who has paid off a mortgage on the land of infants cannot maintain an action against them for money had and received, or money lent, although the mortgage was paid off at the request of their guardian.

CHAPMAN, C. J. The action is in favor of Jane A. Bicknell against Rachel A. Bicknell and George O. Bicknell, both infants under the age of twenty-one years. The mother of the defendants is dead, and the plaintiff is their step-mother. The action is for money had and received, and for money lent. The answer is signed by the defendants' attorney, which is an irregularity, and the plaintiff's husband is their guardian *ad litem*. Such an appointment should never be made, for the guardian *ad litem* should always be a disinterested person, with no interests to regard except those of the infant defendants.

The plaintiff proved that the mother of the defendants held a tract of land with buildings thereon, in her own right, and mortgaged the same to secure a part of the purchase money. At her husband's request, he being the father and guardian of the defendants, the plaintiff paid the amount due on the mortgage, and procured a discharge of the same, and the note was given up to her husband. He and the plaintiff continue to occupy the premises as a dwelling-house. It had been occupied by him and his first wife ever since the purchase, and he appears to have a tenancy in it by the curtesy. It is stated that the payment of the mortage enures to the benefit of the defendants, under the charge of their guardian, and that the income of the land is enjoyed by them. But the case does not disclose any payment that can bind them. It cannot be legally regarded as a payment for necessaries. *Tupper* v. *Cadwell*, 12 Met. 559. *New Hampshire Ins. Co.* v. *Noyes*, 32 N. H. 345. *Phelps* v. *Worcester*, 11 N. H. 51. It was a voluntary payment, and not upon any contract with the defendants. *Winsor* v. *Savage*, 9 Met. 346. The plaintiff's husband had not, as the guardian of the defendants, any

authority to subject them to the payment of this claim. *Thacher* v. *Dinsmore*, 5 Mass. 299. *Forster* v. *Fuller*, 6 Mass. 58. *Jones* v. *Brewer*, 1 Pick. 314. Whatever may have been the plaintiff's purpose in paying the debt and procuring the discharge, there is no legal ground upon which she can maintain this action.

*Judgment for the defendants on the verdict.*

*G. Stevens & W. H. Anderson*, for the plaintiff.

*A. P. Bonney & J. F. Frye*, for the defendants.