DANIEL DILLON, Appellant, *v.* CALEB BOWLES ET AL., Respondents.

### March 2, 1880.

Where five of six heirs and tenants in common, the sixth being a minor, employ an attorney to annul a will, under an agreement by which they convey to the attorney, for his services, the undivided one-half of the property devised, the attorney has no claim upon the minor, and cannot by suit in partition compel him to contribute one-half of his interest in the property.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

DANIEL DILLON and W. T. MARSH, for the appellant: Where five of six tenants in common take such action as secures to all a perfect title to property, they will be regarded as acting for all. — *Tisdale* v. *Tisdale*, 2 Sneed, 599 ; *Van Horne* v. *Fonda*, 5 Johns. Ch. 407 ; *Weaver* v. *Wille*, 25 Pa. St. 272 ; *Lloyd* v. *Lynch*, 28 Pa. St. 423, 424 ; *Rothwell* v. *Dewees*, 2 Black, 618, 619. Tenants in common are bound to contribute each his proportionate share of the expense necessary for preserving the common property. — Freem. on Co-ten. & Part., sects. 175, 263, 278, 322 ; *City of New Orleans* v. *City of Baltimore*, 15 La. An. 625 ; *Gage* v. *Mulholland*, 16 Grant Ch. (Can.) 145 ; *Haven* v. *Muhlgarten*, 19 Ill. 91 ; *Campbell* v. *Mesier*, 4 Johns. Ch. 334 ; *Hitchcock* v. *Skinner*, 1 Hoffm. Ch. 27 ; *Gregg* v. *Patterson*, 9 Watts & S. 208, 209 ; *Desch's Appeal*, 57 Pa. St. 472 ; *McDearman* v. *McClure*, 31 Ark. 559 ; *Denman* v. *Prince*, 40 Barb. 213, 217 ; *Titsworth* v. *Stout*. 49 Ill. 78 ; *Illinois Land & Loan Co.* v. *Bonner*, 75 Ill. 329 ; *Kennedy* v. *Covington*, 17 B. Mon. 584, 585 ; *Oliver* v. *Montgomery*, 42 Iowa, 36 ; *Israel* v. *Israel*, 30 Md. 127, 128 ; *Peyton* v. *Smith*, 2 Dev. & B. Eq. 349 ; *Sanboin* v. *Braley*, 47 Vt. 170 ; *Peck* v. *Sherwood*, 56 N. Y. 615 ; *Watkins* v. *Eaton*, 3 Me. 534, 535 ; *Sohier* v. *Eldridge*, 103 Mass. 351 ; *Hibbard* v. *Cooke*, 1 Sim. & St. 552 ; *Dent* v. *Dent*, 30 Beav. 369, 370. Even when a tenant in common cannot maintain an action against his co-tenant for contribution to the necessary expense of repairing or preserving the common property, the tenant who has borne such expense has an equitable lien and claim against the interest of his co-tenant in the common property for his proportionate part of such expense, and a court of equity will enforce this claim against the property, and especially in a proceeding for partition of the common property. — Freem. on Co-ten. & Part., sect. 263 ; 2 Story's Eq. Jur., sects. 1234–1238 ; *Stephens* v. *Ellis*, 65

Mo. 456 (see pp. 461, 462) ; *Titsworth* v. *Stout*, 49 Ill. 78 ; *Dean* v. *O'Meara*, 47 Ill. 120 ; *Kurtz* v. *Hibner*, 55 Ill. 514 ; *Drenen* v. *Walker*, 21 Ark. 539 ; *McDearman* v. *McClure*, 31 Ark. 559 (see p. 562) ; *Bradshaw* v. *Yates*, 67 Mo. 221 (see pp. 233, 234). The proceeding to contest or establish a will is a proceeding *in rem*, and all parties in interest must take notice and come in ; and they are bound by the judgment whether they come in or not. — *Benoist* v. *Murrin*, 48 Mo. 48 ; *Hodges* v. *Bauchman*, 8 Yerg. 186 ; *Singleton* v. *Singleton*, 8 B. Mon. 350 ; *Tibbatts* v. *Berry*, 10 B. Mon. 474 ; *Scott* v. *Calvit*, 3 How. Pr. 148 ; *Nolle* v. *Tenwick*, 4 Rand. 588. It is not only competent, but it is eminently proper to have this question of contribution to the expenses of that suit to have said will set aside, adjusted in this partition proceeding. — *Spitts* v. *Wells*, 18 Mo. 468 ; *Welch* v. *Anderson*, 28 Mo. 293 ; *Reinhardt* v. *Wendect*, 40 Mo. 277 ; *Reed* v. *Robertson*, 45 Mo. 580 ; *Bradshaw* v. *Yates*, 67 Mo. 233 ; *Hines* v. *Munnerlin*, 57 Ga. 35.

E. P. LINDLEY, for the respondents : The minor could make no contract with reference to his estate which would bind it, nor could another for him. — *McCarty* v. *Rountree*, 19 Mo. 345 ; *Thatcher* v. *Dinsmore*, 6 Mass. 301 ; *Hicks* v. *Chapman*, 10 Allen, 564 ; *Simmons* v. *Almy*, 100 Mass. 240. At common law no action lies by one tenant in common, who has expended more than his share in repairing the common property, against the deficient tenants. — *Converse* v. *Ferre*, 11 Mass. 326. No lien will be decreed against the property of an infant where he was not a party to the contract. — *Coffin* v. *Heath*, 6 Metc. 76 ; *Bicknell* v. *Bicknell*, 111 Mass. 265. A tenant in common cannot convey title to any more of the land than he owns. — *White* v. *Brooks*, 43 N. H. 402 ; *Murray* v. *Hamerty*, 70 Ill. 318 (citing *Marshall* v. *Turabun*, 18 Conn. 183) ; *Hutchinson* v. *Chow*, 39 Me. 513 ; 4 Kent's Comm. 368. Chancery will not sustain a bill for partition where the title is denied, or is

not clearly established. — *Wilkin* v. *Wilkin*, 1 Johns. Ch. 111. If there be several parties to a suit in chancery, and one of the defendants is an infant, he must have a day given him in court to show cause, after he shall have attained the age of twenty-one years. — *Coffin* v. *Heath*, 6 Metc. 81. One who has paid off a mortgage on the land of infants cannot maintain an action against them for money had and received, or money lent, although the money was paid at the request of their guardian. — *Bicknell* v. *Bicknell*, 111 Mass. 265, and cases cited.

HAYDEN, J., delivered the opinion of the court.

The present question turns on the propriety of the action of the court below in striking out certain parts of the petition and excluding evidence corresponding to those facts upon the trial. One Harvey, a minor, was a tenant in common with the defendant Caleb Bowles and four others, of land of which partition is asked, each party having been owner of a sixth part, and heirs of Elizabeth Lipp, deceased. The deceased had made a will, by which she devised the land to one Sullens. This petition for partition alleges that the six heirs, defendants here, had by deeds of warranty conveyed their interest to the plaintiff, except that the minor, Harvey, had not conveyed the interest which he owned ; that these heirs, except the minor, acting for all the heirs, employed counsel to bring suit to annul the will, and, none of them having money, agreed with certain attorneys that if the proceeding to set aside the will should be successful, the heirs would convey to their counsel an undivided half of the land in payment of their services — an agreement which it is alleged was fair and reasonable on the facts. Suit was accordingly commenced in the name of all the heirs, Harvey, the minor, appearing by his father and guardian, and after much litigation the will was set aside. In pursuance of the agreement, one-half of the real estate was conveyed to the counsel, all except the minor joining in the deed, in full pay-

ment for the services in having the will set aside. The plaintiff claimed that the agreement was made and proceedings prosecuted for the benefit of all the heirs, and that the share of the minor must contribute one-half of his sixth, being his proportion ; and upon this basis, allowing one-twelfth part to the minor and the other eleven-twelfths to the plaintiff, the latter asked partition. The motion to strike out parts of the petition and the offer of evidence raised the questions whether the minor can be bound in the present proceeding upon the basis of the agreement, or his land subjected to contribution for a proportionate share of the agreed price of the litigation. The court below decided against the plaintiff upon these points, and decreed that partition be made upon the basis that the plaintiff owned five-sixths and the minor one-sixth of the land. The plaintiff appealed.

It is unnecessary to argue the questions here involved, at length, as it is clear the court below was correct in its decision. The infant cannot be held liable on the basis of the special contract, and it is not claimed he made it. It is said the infant is liable *ex equo et bono.* This is a vague phrase, used generally in reference to the action for money had and received, and which has no application here. If so liable, for what would the infant be held? Not certainly upon an agreement to convey one-twelfth of this land ; but it is upon this agreement, or, what is the same, on the basis of the obligation of it, that the plaintiff's position rests. Not only this, but the court is asked to proceed on the theory that specific performance has been accomplished, and that the minor stands as they do who have conveyed to the plaintiff ; and this is assumed, though no separate cause of action is stated in the petition. But, if liable at all, the infant would be liable for a money payment, and the reasonableness of the sum would be an issue to be tried by a jury.

There is, however, no legal liability. The attorneys were bound to know that they could not hold the infant to any implied obligation to pay for fees, and in view of this

they made their contract. Equity fol ows the law and will not violate its policy, making infants liable where the law shields them. If at the request of the guardian of this infant a person had paid money to the attorneys for these fees, in order to preserve the land to the infant, it would have been a voluntary payment, and not recoverable of the infant. *Bicknell* v. *Bicknell*, 111 Mass. 265; *Tupper* v. *Cadwell*, 12 Metc. 559; *Winsor* v. *Savage*, 9 Metc. 346.

If any right of contribution existed, the plaintiff could not enforce it. No obligation arose in his favor, who is merely the grantee by deeds of warranty of the interests of the other five heirs in the lands, and does not claim to be otherwise connected with the minor.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.