DILLON, *Appellant*, v. BOWLES.

**Infant:** NOT LIABLE EX AEQUO ET BONO FOR SERVICES RENDERED. All the adult heirs at law to a tract of land affected by a will, united in employing attorneys to prosecute a suit to set the will aside, agreeing that in case of success, as compensation for their services, the attorneys should receive one-half of the land. Through the exertions of the attorneys the will was set aside. *Held*, that a minor heir, although benefited by the result equally with the others, was not bound either at law or in equity to contribute to the payment of the fee.

77 603
56a 120
77 603
142 48

*Appeal from St. Louis Court of Appeals.*

**AFFIRMED.**

*Daniel Dillon* for appellant.

The adult heirs could do no act to assert or protect the title to their interest in the land, without giving the minor the benefit. In fact it may be said there was a duty imposed on them to do what was necessary to protect the common interest. *Tisdale v. Tisdale*, 2 Sneed 599; *Van Horne v. Fonda*, 5 Johns. Ch. 407; *Weaver v. Wille*, 25 Pa. St. 272; *Lloyd v. Lynch*, 28 Pa. St. 423; *Rothwell v. Dewees*, 2 Black 618. It being the duty of every one of the co-heirs to assert and protect the common title, it follows that

it was incumbent on each one to contribute his share to the reasonable expenses necessarily incurred. Freeman on Co-tenancy and Partition, §§ 175, 263, 278, 322; *New Orleans v. Baltimore*, 15 La. An. 625; *Gage v. Melholland*, 16 Grant (Canada) 145; *Haven v. Muhlgarten*, 19 Ill. 91; *Campbell v. Mcsier*, 4 Johns. Ch. 334; *Hitchcock v. Skinner*, 1 Hoffman Ch. 27; *Gregg v. Patterson*, 9 W. & S. 208, 209; *Desch's Appeal*, 57 Pa. St. 472; *McDearman v. McClure*, 31 Ark. 559; *Denman v. Prince*, 40 Barb. 213, 217; *Titsworth v. Stout*, 49 Ill. 78; *Ill. L. & L. Co. v. Bonner*, 75 Ill. 329; *Kennedy v. Covington*, 17 B. Mon. 584, 585; *Oliver v. Montgomery*, 42 Iowa 36; *Israel v. Israel*, 30 Md. 127, 128; *Peyton v. Smith*, 2 Dev. & Batt. Eq. 349; *Sanborn v. Braley*, 47 Vt. 170; *Peck v. Sherwood*, 56 N. Y. 615; *Watkins v. Eaton*, 30 Me. 534, 535; *Sohier v. Eldridge*, 103 Mass. 351; *Hibbard v. Cooke*, 1 Sim. & Stu. 552; *Dent v. Dent*, 30 Beav. 369, 370; *Harrison v. Harrison*, 56 Miss. 174; *Sheperd v. McIntire*, 5 Dana (Ky.) 574. Even when a tenant in common cannot maintain an action against his co-tenant for contribution to the necessary expense of repairing or preserving the common property, the tenant who has borne such expense has an equitable lien and claim against the interest of his co-tenant in the common property for his proportionate part of such expense, and a court of equity will enforce this claim against the property, and especially in a proceeding for partition of the common property. Freeman on Co-tenancy and Par., § 263; 2 Story Eq., §§ 1234 to 1238; *Stephens v. Ells*, 65 Mo. 461, 462; *Titsworth v. Stout*, 49 Ill. 78; *Dean v. O'Meara*, 47 Ill. 120; *Kurtz v. Hibner*, 55 Ill. 514; *Drenen v. Walker*, 21 Ark. 539; *McDearman v. McClure*, 31 Ark. 562; *Wilton v. Tazewell*, 86 Ill. 29. Even when a tenant in common has expended money, not in preserving the common property or in maintaining the common title thereto, but in making improvements on it, such expenditures are taken into account in a proceeding for partition, and the tenant who made them is re-imbursed out of the common property. *Hall v. Paddock*, 21 N. J.

Eq. 311; *Martindale v. Alexander,* 26 Ind. 104; *Stafford v. Nutt,* 35 Ind. 93.

By claiming as heir of Mrs. Sipp, Harvey takes the benefit of the proceeding which resulted in setting aside the will. This he cannot do except *cum onere. Wilton v. Tazewell,* 86 Ill. 29; *Drenen v. Walker,* 21 Ark. 553; *Williams v. Gray,* 3 Me. 214. The right to contribution does not rest on contract, but on the general principles of equity and justice. Bispham's Eq., §§ 27, 328; Freeman on Cotenancy and Par., § 322; *Campbell v. Mesier,* 4 Johns. Ch. 334; *Fletcher v. Grover,* 11 N. H. 372; *Armstrong Co. v. Clarion Co.,* 66 Pa. St. 221; *Deering v. Earl of Winchelsea,* 1 Cox 318; 1 Lead. Cases in Eq., mar. p. 31; *Van Petten v. Richardson,* 68 Mo. 379. This being so, infancy is no defense that can be invoked by said minor Harvey to this claim for contribution. It is not only competent, but it is eminently proper to have this question of contribution to the expenses of that suit to have said will set aside, adjusted in this partition proceeding. *Spitts v. Wells,* 18 Mo. 468; *Welch v. Anderson,* 28 Mo. 293; *Reinhardt v. Wendeckt,* 40 Mo. 577; *Reed v. Robertson,* 45 Mo. 580; *Bradshaw v. Yates,* 67 Mo. 233; *Hines v. Munnerlin,* 57 Ga. 35; *Harrison v. Harrison,* 56 Miss. 194; *Wilton v. Tazewell,* 86 Ill. 29.

*E. P. Lindley* for respondent.

The plaintiff must base his claim either on an express promise by the infant or some one authorized to make it for him, or an implied promise, or on the equitable doctrine of contribution. As to express promise, there is no pretense that any was made, unless it be so intended from the allegation that the minor was represented by his father in the suit for contesting the will; but it is well settled that the father's duties relate to the person and not to the estate of the child, in regard to which he has no greater rights than a stranger. *Eyre v. Countess of Shaftsbury,* 2 Lead. Cases Eq. (4 Am. Ed.) pt. 2, p. 1487, and cases cited;

*McCarty v. Rountree*, 19 Mo. 345.    There is no implied promise. The law never raises an implied promise by an infant except for necessaries.    Necessaries, according to Coke, are food, raiment and education.    They are such things as apply to the person and not to the estate.    The guardian cannot bind his ward for repairs to his estate. *Thatcher v. Dinsmore*, 6 Mass. 301; *Hicks v. Chapman*, 10 Allen 564; *Simmons v. Almy*, 100 Mass. 240; *Phelps v. Worcester*, 11 N. H. 51; *Tupper v. Caldwell*, 12 Met. 559. No liability can be founded on the doctrine of equitable contribution because there was no necessity, so far as the minor's interest was concerned, to expend any money or incur any obligation.    Until the obligation was created by the contract of the adult heirs with the attorneys, none existed.    So far as the minor's interests were concerned, it was time enough to take steps to set aside the will after he came of age, when he could make his own bargain. But even if the minor was bound to contribute, his liability could not be enforced in this action, since the liability would be to pay in money, not in land, and the demand would be equitable in its nature; while the present suit is for the partition of land and is a proceeding at law.    The contract of the adult heirs is not binding on the minor. *Putnam v. Ritchie*, 6 Paige 390;   *Cox v. Storts*, 14 Bush 502; *s. c.*, 8 Cent. L. J. 216; *Bicknell v. Bicknell*, 111 Mass. 265; Neither is their deed.    *Murray v. Haverty*, 70 Ill. 318; *Marshall v. Trumbull*, 28 Conn. 183; *Hutchinson v. Chase*, 39 Me. 513; 4 Kent Com., p. 368.

RAY, J.—This was a petition, in the St. Louis circuit court, for the partition of certain real estate therein specified, in which the plaintiff claimed that (by reason of certain facts and allegations therein stated) he was the owner and entitled to an undivided eleven-twelfths of said real estate; and that the defendant, Harvey, who was a minor, was the owner and entitled to the remaining one-twelfth thereof, and asked for judgment of partition accordingly.

On motion of defendant Harvey, by his guardian *ad litem,* certain specified portions of the petition were, by the court, stricken out, as irrelevant and insufficient, and plaintiff duly excepted thereto. The defendant Harvey, by his said guardian, thereupon filed his answer denying that plaintiff was the owner or entitled to an undivided eleven-twelfths; and averring that he was himself the owner and entitled to an undivided one-sixth of said land, and asking for a judgment of partition accordingly.

On the trial the plaintiff offered to prove the facts stated in that part of the petition stricken out, but the court excluded it as irrelevant and immaterial, and the plaintiff excepted. Thereupon, the court found for the defendant Harvey, and gave judgment accordingly. From this judgment the plaintiff appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed; from which affirmance the plaintiff appeals to this court. The case is reported in 8 Mo. App. 419, where the facts of the case, the briefs of counsel, the points and authorities, as well as the opinion of the court of appeals, fully appear, to which reference is here had.

That opinion is as follows: " Hayden, J., delivered the opinion of the court: The present question turns on the propriety of the action of the court below in striking out certain parts of the petition, and excluding evidence corresponding to those facts, upon the trial. One Harvey, a minor, was a tenant in common with the defendant Caleb Bowles and four others, of land, of which partition is asked, each party having been owner of a sixth part, and heir of Elizabeth Sipp, deceased. The deceased had made a will, by which she devised the land to one Sullens.

This petition for partition alleges that the six heirs, defendants here, had by deeds of warranty conveyed their interest to the plaintiff, except that the minor, Harvey, had not conveyed the interest which he owned; that these heirs, except the minor, acting for all the heirs, employed counsel to bring suit to annul the will, and none of them

having money, agreed with certain attorneys that if the proceedings to set aside the will should be successful, the heirs would convey to their counsel an undivided half of the land in payment of their services, an agreement which it is alleged was fair and reasonable on the facts. Suit was accordingly commenced in the name of all the heirs, Harvey, the minor, appearing by his father and guardian, and after much litigation the will was set aside. In pursuance of the agreement, one-half of the real estate was conveyed to the counsel, all except the minor joining in the deed, in full payment for their services in having the will set aside. The plaintiff claimed that the agreement was made and proceedings prosecuted for the benefit of all the heirs, and that the share of the minor must contribute one-half of his sixth, being his proportion; and upon this basis, allowing one-twelfth part to the minor and the other eleven-twelfths to the plaintiff, the latter asked partition.

The motion to strike out parts of the petition and the offer of evidence raised the questions whether the minor can be bound in the present proceeding upon the basis of the agreement, or his land subjected to contribution for a proportionate share of the agreed price of the litigation. The court below decided against the plaintiff upon these points, and decreed that partition be made upon the basis that plaintiff owned five-sixths and the minor one-sixth of the land. The plaintiff appealed.

It is unnecessary to argue the question here involved at length, as it is clear the court below was correct in its decision. The infant cannot be held liable on the basis of the special contract, and it is not claimed he made it. It is said the infant is liable *ex aequo et bono*. This is a vague phrase used generally in reference to the action for money had and received, and which has no application here. If so liable, for what would the infant be held? Not certainly upon an agreement to convey one-twelfth of this land; but it is upon this agreement, or, what is the same, on the basis of the obligation of it, that the plaintiff's position rests.

Not only this, but the court is asked to proceed on the theory that specific performance has been accomplished, and that the minor stands as they do who have conveyed to the plaintiff; and this is assumed, though no separate cause of action is stated in the petition. But, if liable at all, the infant would be liable for a money payment, and the reasonableness of the sum would be an issue to be tried by a jury. There is, however, no legal liability. The attorneys were bound to know that they could not hold the infant to any implied obligation to pay for fees, and in view of this they made their contract. Equity follows the law and will not violate its policy, making infants liable where the law shields them. If at the request of the guardian of this infant a person had paid money to the attorneys for these fees, in order to preserve the land to the infant, it would have been a voluntary payment, and not recoverable of the infant. *Bicknell v. Bicknell*, 111 Mass. 265; *Tupper v. Cadwell*, 12 Met. 559; *Winsor v. Savage*, 9 Met. 346. If any right of contribution existed the plaintiff could not enforce it. No obligation arose in his favor, who is merely the grantee by deeds of warranty of the interests of the other five heirs in the lands, and does not claim to be otherwise connected with the minor. The judgment is affirmed. Judge Bakewell concurs; Judge Lewis is absent."

We have given this opinion, the points and authorities as well as the reasoning and conclusions of the court, a careful examination and consideration, and believe it to contain a just and fair statement of the facts and law of the case and, therefore, concur therein. We have also examined and considered the briefs of counsel, in this court, in which the whole question is ably and elaborately re-examined and re-argued, but after patient examination, we find no sufficient reason to change our views or depart from the conclusions so well and fully expressed in the foregoing opinion of the court of appeals.

**39—77**

For these reasons the judgment of the St. Louis court of appeals, affirming that of the St. Louis circuit court, is affirmed.  All concur.