SARGEANT *et al.* v. ROWSEY; *Appellant.*

1. **Mortgage**: CONTRIBUTION AS BETWEEN PARTS OF MORTGAGED LAND. Where land is mortgaged and the mortgageor then sells a part of it and conveys it by warranty deed, the purchaser may pay the mortgage debt where he has not agreed to do so, and enforce it against the part of the land retained by the mortgageor, as against the latter or his heirs.

2. **Mortgage, Foreclosure of**: DEATH OF DEFENDANT: REVIVAL OF SUIT: SUGGESTION OF DEATH. Where a defendant in an action to foreclose a mortgage upon land dies during the pendency of the action, and a decree of foreclosure is obtained and a sale had under

it, without suggesting the death of the defendant or reviving the suit against his heirs, the sale is a nullity; nor could a revival occur until suggestion of death was made.

3. **Guardian Ad Litem, Plaintiff's Attorney for Infant Defendant.** The appointment of plaintiff's attorney as guardian *ad litem* for an infant defendant is wholly unauthorized; and this is so, although the plaintiff in the suit and an adult defendant consented of record to the appointment.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge

AFFIRMED.

*Botsford & Williams* and *John L. Mirick* for appellant.

(1) The case made on the answer, counter-claim, and reply, is to be regarded as though it was an original proceeding, wherein the defendant was plaintiff and the plaintiffs defendants, and the rights of the parties on this appeal are likewise to be determined accordingly. In support of these views generally, if support be needed, we refer the court to the following authorities: *Hodges v. Black*, 8 Mo. App. 393; s. c., 76 Mo. 537; *Kelly v. Hurt*, 74 Mo. 568, 572; *Snider v. Coleman*, 72 Mo. 569; *Gilbert v. Cooksey*, 69 Mo. 42; *Jones v. Manly*, 58 Mo. 560; Bliss Code Pleading, secs. 348, 351, 383, and cases cited; Story Eq. Plead., sec. 398. (2) The facts, alleged and proved, and neither denied by the pleadings nor controverted by the proofs, constitute a complete equitable defence to plaintiffs' right of recovery on their legal title, and entitle defendant to the affirmative relief prayed for. *Schafer v. Causey*, 76 Mo. 365; *Snider v. Coleman*, 74 Mo. 568; *Mobley v. Nave*, 67 Mo. 550; *Lewis v. Gray*, 66 Mo. 614; *Shroyer v. Nickell*, 55 Mo. 264; *Valle v. Fleming's Heirs*, 29 Mo. 152. The decree in *Sargeant v. Sargeant*, read in evidence, is not a nullity, but is valid and binding. Freeman on Judg-

ments [3 Ed.] secs. 135, 154, and cases cited ; *Gray v. Bowles,* 74 Mo. 419 ; *Morse v. Hewitt,* 28 Mich. 481 ; *Brawley v. Ranney,* 67 Mo. 280. (3) Where, as in this case, there is a mortgage incumbrance on the whole of a tract of land, and the mortgageor sells a part, by general warranty deed, the mortgage is in the first instance to be enforced against the portion of the land remaining unsold. And in such case the first purchaser has a right to compel the mortgagee to exhaust his security against the property remaining in the hands of the mortgageor before resorting to that part sold. And where such purchaser has redeemed or paid off the mortgage, in whole or in part, he may enforce it *pro tanto* against that part of the estate remaining in the hands of the mortgageor. And the obligation of the mortgageor to satisfy the incumbrance out of the land remaining unsold descends with the land itself to his heirs, who are under the same obligation, and take the land subject to the same burden, for "they sit in the seat of their ancestor." 2 Jones on Mortgages, secs. 1089, 1091, 1620, 1622, and cases cited ; 2 Leading Cases in Eq. [4 Am. Ed.] 291, 305, and cases cited. Whatever may be the equitable rule adopted as between purchasers from the mortgageor, all the cases agree that as between the mortgageor and his vendee, equity will charge the whole debt in favor of the purchaser on the residue retained by the mortgageor. Rorer Judg. Sales [2 Ed.] secs. 218, 219 ; 2 Wash. Real Prop. [3 Ed.] 189, 190 ; 2 Story Eq. Jur., sec. 1233, and cases ; *Cooper v. Bigley,* 13 Mich. 174 ; 1 Jones on Mortgages, secs. 748, 750, 874, 876.

*Hale & Sons* for respondents.

(1) There is no order of court suggesting the death of John M. Sargeant and reviving the suit against his heirs. Certainly there is no attempt made to revive against Andrew Sargeant, one of these plaintiffs ; and

A. G. Sargeant, as the papers show, was a minor. (2) There was no order of publication made, either in vacation or in term time, against A. G. Sargeant (or, as he is called, Burton Sargeant), or the other plaintiff, Andrew Sargeant. The order of publication copied into the transcript is made without authority, and is not based on any order of the court, although the copy of the publication recites such order at the September adjourned term, 1875. (3) There is no proof of publication made by defendant, Rowsey, against the John M. Sargeant heir or heirs. The only proof of publication made is by plaintiff under the order of publication made by the court in 1875, and this was against John M. Sargeant. (4) The appointment of J. L. Mirick at the December term, 1875, as guardian *ad litem* for Burton Sargeant, was wholly unauthorized and void. He was the attorney for plaintiff in that suit, and could not act as guardian for a minor defendant in the same suit, and it does not appear that he did act, except from the entry of record at that time, and the record does not show, in fact, any answer. *Shaw v. Gregoire*, 41 Mo. 407.

SHERWOOD, J.—The plaintiffs, who are the heirs of John M. Sargeant, brought ejectment for the south half of the northeast quarter of section 1, township 55, range 23, and were successful in their suit, and from the judgment they recovered the defendant appealed.

At one time John M. Sargeant owned the whole of the northeast quarter of section 1, township 55, range 23. He mortgaged the whole of it to Tracy Sargeant to secure the sum of one thousand three hundred and fifty dollars. After this John M. Sargeant sold and conveyed the north half of the northeast quarter to Merrill, who subsequently sold and conveyed the same to the defendant, Rowsey, all the deeds being general warranty deeds, that to Rowsey containing this clause : "Subject, how-

ever, to a certain mortgage by John M. Sargeant to Tracy Sargeant, bearing date," etc.

John M. Sargeant remained the owner of the south eighty, the land in dispute ; meanwhile Rowsey paid to Tracy Sargeant, on the mortgage mentioned, the sum of $864.45, these payments being made in different amounts, from 1871 to 1874. His deed from Merrill recited a consideration of only nine hundred dollars, while Rowsey testified that he paid Merrill for the land one thousand six hundred dollars, in cash and property. On the contrary Merrill, a disinterested witness, testified that Rowsey was to pay one thousand dollars of the mortgage debt as a part of the consideration of the land. And the payment of the $864.45 by Rowsey, which, taken with the nine hundred dollars, would, with interest, just about make up the sum of one thousand six hundred dollars, which Rowsey said was the real consideration of the land he bought of Merrill. And when these facts are considered in connection with the further facts of Rowsey accepting his deed from Merrill containing the clause subjecting the land to the payment of the mortgage already referred to, and when it is remembered that in the suit of Tracy Sargeant to foreclose that mortgage the payment by John M. Sargeant of the three hundred and fifty dollars and interest thereon, are admitted, the whole goes to make up a ·case very strongly upholding the view taken of this matter by the court below, the salient point being that Rowsey was to pay one thousand dollars of the John M. Sargeant mortgage as part consideration of the land he bought of Merrill.

Moreover, the plaintiffs read in evidence five promissory notes, aggregating one thousand and sixty dollars, dated October 10, 1873, executed by defendant, Rowsey, to their father, over four years after Rowsey received his deed from Merrill. Now it is altogether inconceivable that Rowsey would execute these notes to John M. Sargeant at a time when he held a claim against

him for money which he had paid on the mortgage, and which, according to his story, he was to look to him to pay, and if he, Rowsey, had to pay the mortgage, he was "to go onto him" for reimbursement. And it is to be noted that Rowsey offered no explanation as to how these notes came to be given, but merely objected to them as incompetent and irrelevant.

No doubt is entertained that if Rowsey did pay the $864.45 in exoneration of the John M. Sargeant mortgage, when he had made no agreement to that effect, he might, in proper circumstances, enforce the payment thereof out of the south half of the northeast quarter of section 1, township 55, range 23, as against the mortgageor, or his heirs, the plaintiffs in the present action, "for the heir sits in the seat of his ancestor," and that portion of the mortgaged land retained by the mortgageor would be primarily liable to the payment of the mortgage debt. This is elementary law. *Hall v. Morgan*, 79 Mo. 47.

Relative to the decree which Rowsey obtained in the suit brought against John M. Sargeant and Rowsey by Tracy Sargeant, to foreclose the mortgage given by John M. Sargeant, and in which Rowsey filed a cross-bill setting up similar equities to those now set up in the present action, and in which he obtained a decree, as he alleges, for the sale of the land in dispute, and which, it seems, was sold under that decree, at which sale he bought; that such sale was a nullity, for the reason that the death of John M. Sargeant, against whom the suit was brought, was never suggested, nor the suit revived against either of his heirs, the present plaintiffs; nor could such a revival occur until such suggestion was made. Nor was there any order of publication made by the court against Adelbert Sargeant, one of the plaintiffs, though the copy of publication recites such order as having been made.

And the appointment of Mirick as the guardian *ad*

*litem* of Adelbert or Burton Sargeant, a minor, was wholly unauthorized, as he was the attorney for Tracy Sargeant, plaintiff in the same suit, and, therefore, was incompetent to act in a capacity requiring an absence of antagonistic interests when representing those of an infant. Nor does it help the matter that the plaintiff in that suit, Tracy Sargeant, and the defendant therein, Rowsey, consented of record to Mirick's appointment. And unless the minor defendant in that suit, Burton Sargeant, was properly brought in by service of process, there was no authority for a guardian to be appointed for, or to represent, him. *Shaw v. Gregoire*, 41 Mo. 407; *Railroad v. Campbell et al.*, 62 Mo. 585. Nor does the transcript contain any answer of the alleged guardian *ad litem*.

A decree thus rendered, even if otherwise unexceptionable, cannot be regarded as possessing any legal validity. For these reasons the judgment should be affirmed. All concur.