WALTERS *et al.*, *Appellants*, v. HERMANN *et al.*

1. **Tax Suit:** GUARDIAN AD LITEM: INFANTS. The appointment, as guardian *ad litem* of infants in a tax suit, of an attorney employed by the collector, does not invalidate a judgment against them, where he was not employed by the collector in that case, and the removal of their general guardian from the suit was not occasioned by fraud.

2. **Judicial Sale:** INADEQUACY OF PRICE. Inadequacy of price to set aside a judicial sale must be so gross as *per se* to amount to proof of fraud on the part of the purchaser.

3. **Tax Deed:** INADEQUACY OF CONSIDERATION: NOTICE. In an action to set aside a tax deed and the deeds to subsequent purchasers, the latter are not charged to be connected with the inadequacy of the price at the tax sale, or affected with notice thereof, by an allegation in the petition that the considerations expressed in the deed were "wholly false."

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

(1) There is equity in the bill, and it states a cause of action. (*a*) Because of the appointment of the collector's attorney as the guardian *ad litem* of appellants in the tax suit against them. *Sargent v. Rowsey*, 89 Mo. 617. (*b*) Because of the gross inadequacy of selling price of the real estate. *Kloepping v. Stellmacher*, 21 N. J. Eq. 328; *Holmes v. Fresh*, 9 Mo. 211; 2 Pomeroy Eq. Jur., sec. 927; *Morrison v. Philliber*, 30 Mo. 145; *Sargent v. Rowsey*, 89 Mo. 617. (*c*) Because of the gross inadequacy of price in connection with the flagrant neglect of duty by the regular guardian of appellants, the appointment of collector's attorney as their

guardian *ad litem*, their minority and their helpless, unprotected and impoverished condition. *Durfee v. Moran*, 67 Mo. 374; *Wagner v. Phillips*, 51 Mo. 177; *Cadwallader v. West*, 48 Mo. 494; Kerr on Fraud & M. [2 Ed.] p. 162; 2 Pomeroy's Eq. Jur., sec. 928; *Kloepping v. Stellmacher*, 21 N. J. Eq. 328; 2 Am. Law Reg. 274 (1854).

*S. M. Br·ckinridge* and *M. F. Watts* for respondent.

(1) The appointment of Spies as guardian *ad litem* was matter wholly within the discretion of the trial court, and the appointment cannot be collaterally assailed. *Kleyla v. Hasket*, 14 N. E. Rep. (Ind.) 387; *Yeoman v. Younger*, 83 Mo. 424; *Whitman v. Taylor*, 60 Mo. 127. (2) The purchaser at a tax sale need only look to the judgment, execution, levy and sheriff's deed. *State v. Sargent*, 12 Mo. App. 228; s. c., 76 Mo. 557. (3) Inadequacy of price alone furnishes no ground for setting aside a sheriff's sale. 2 Pomeroy's Equity, sec. 296; *Slater v. Maxwell*, 73 U. S. 268; *Davis v. Dreisback*, 81 Ill. 393.

SHERWOOD, J.—The petition in this cause, as found in plaintiffs' abstract, is as follows: It sets forth, in substance, that appellants, in 1870, were minors, ranging from four to eight years in age, and, in 1871, one Ott was, by the probate court, appointed their guardian, they having, in 1870, inherited, from their parents, a lot in St. Louis and nothing else; and that, during their minority, their only income was rental, derived from the property until 1880 (when it was sold by the sheriff for back taxes), and the wages they earned, which sufficed for their support, and no further; that, in 1875, while they were still minors, general taxes on said lot, in the sum of $69.52, were assessed and became payable; that their guardian,

for a long time prior thereto, and a long time thereafter, and at the time of suit, had money enough to pay said taxes, but he failed to do so; in consequence, in 1878, the collector brought suit against them, and their guardian, on the tax bill, which came on for trial in November, 1879, when the appellants were still minors; that the suit was dismissed by the collector, as to their guardian, and the court appointed Frederick Spies guardian *ad litem* for appellants, which Spies was, at the time, an attorney of the collector under contract with him for the prosecution of tax suits, but Spies was not his attorney in the suit against appellants; that Spies accepted the appointment, filed a general denial; the case was submitted and judgment rendered, in favor of the state, for $90.30; execution issued and appellants' lot sold in April, 1880, to respondent, Hermann, for two hundred and ten dollars, who transferred the bid and had deed made to respondent Short.   Short sold to respondent Robertson, in July, 1881, for twenty-five hundred dollars; Robertson, to respondent Terminal Railroad Company for four thousand dollars, which considerations, except that of the sheriff to Short, are alleged to be wholly false.

Appellants allege that the failure of their guardian to pay the taxes and the dismissal of the suit, as to him, and the appointment of the collector's attorney, were a fraud, by reason of which they lost their lot.   Appellants allege further that the selling price of the lot, two hundred and ten dollars, was wholly inadequate in comparison to the true market value thereof at the time, that is, five thousand dollars.

Wherefore, they ask that the sheriff's deed and other deeds following, be cancelled, and the title to the lot vested in appellants upon such conditions as the court may impose, and for other relief.

The several defendants demurred on the grounds of no equity in the bill and no statement of cause of action. Judgment for defendants on demurrers, final judgment and appeal.

There is nothing in common between this case and that of *Sargent v. Rowsey*, 89 Mo. 617, relied on by plaintiffs. The difference is just this: In that case the title depended upon proceedings in another cause, where an attorney for a party plaintiff was appointed guardian *ad litem* for a minor defendant; and it was ruled that, as the interests the attorney represented were all antagonistic to those of the minor, the appointment was invalid and the decree based thereon void. Here, however, in the tax proceedings, although Spies was the attorney of the collector, yet he was not employed in *that* case, and of course had no interests to represent which were hostile to those of the infants. For this reason the case in 89 Mo. does not apply to the case at bar. And the petition does not allege that the dismissal of the general guardian of the minors was occasioned by fraud. Lacking this charge, it will be presumed that the substitution in this regard was properly made. So far, then, as concerns the judgment in the tax suit is concerned, its validity must stand unquestioned.

The only thing left, therefore, for consideration is as to the sale and the rights of the subsequent purchasers. Mere inadequacy of price is insufficient to set aside a judicial sale. There must be some fraud in the transaction as a general rule, where the sale is open and no improper practices are shown on the part of the purchaser, unless the inadequacy is so gross as *per se* to amount to prove fraud in one of its numerous manifestations on the part of the purchaser. *Phillips v. Stewart*, 59 Mo. 491, and cases cited; 2 Pom. Eq., secs. 926, 927; *Davis v. Dreisback*, 81 Ill. 393.

But granting that there was inadequacy of price at the tax sale, and gross inadequacy at that, there is nothing in the allegations of the petition which connects the subsequent purchasers with that inadequacy of price, or with notice thereof. The statement made that the various considerations mentioned in the other deeds,

also sought to be set aside, were "*wholly false*" certainly has no such tendency. Such an allegation is a long shot away from charging that the subsequent purchasers were mere volunteers, paying no consideration, whatever, for their purchases. Very often a larger consideration than that actually given is frequently inserted in instruments of conveyance, with the view to obtain a larger price from some future purchaser; but there is no fraud in that as against the former owner.

Therefore, judgment affirmed. All concur, except BARCLAY, J., not sitting.