Horstmeyer v. Connors.

THEODORE HORSTMEYER, Appellant, v. MARGARET CONNORS *et al.*, Respondents.

St. Louis Court of Appeals, November 22, 1892.

1. **Jurisdiction of Circuit Courts:** ACTION AGAINST INFANTS FOR MONEY EXPENDED. Where a circuit court proceeds in the exercise of its general jurisdiction, as where the action is one against infants for money expended for them, and a guardian *ad litem* is regularly appointed for them, accepts the trusts and defends for them, the jurisdiction of the court is not affected by the failure of the petition to state facts sufficient to constitute a cause of action.

2. **Quashing Execution:** NON-JURISDICTIONAL ERROR IN PROCUREMENT OF JUDGMENT. When the circuit court renders judgment in a cause wherein it has jurisdiction of the subject-matter and parties, it has no right to quash an execution issued thereon for error intervening at or prior to the rendition of the judgment; and accordingly neither the failure of the petition to state facts sufficient to constitute a cause of action, nor the rendition of judgment in excess of the prayer of the petition, will warrant the quashing of the execution.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED.

*David Murphy*, for appellant.

The defendants had their day in court; it is too late now to seek to have the judgment set aside or annulled. Judgments and decrees regularly entered against infants are presumed to be valid and binding

upon them. Tyler on Infancy [2 Ed.] sec. 119, p. 175; *Shields v. Powers*, 29 Mo. 315; *Kegan v. Alcum*, 9 Tex. 25; *Wrisley v. Kenyon*, 2 Will. (Vt.) 25; *Bickel v. Erskine*, 43 Iowa, 213; *Croghan v. Livingston*, 17 N. Y. 218; *Althouse v. Radde*, 3 Bosw. 401; *Kilgore v. Rich*, 22 Atl. Rep. 176; *Kilgore v. Rich*, 83 Me. 305; *Keller v. William*, 14 S. W. Rep.

*Wm. F. Woerner*, for respondents.

THOMPSON, J.—The plaintiff brought an action in the circuit court of the city of St. Louis against the minor heirs of Michael McHale, deceased, to recover for them certain moneys expended by him in the payment of certain general and special taxes, which had been assessed against certain property set apart to them as their homestead; and also for money laid out and expended in making repairs on their said homestead. The petition alleges, in each case, that the moneys were expended at the request of the defendants. Service of process was had on all the defendants personally, and a member of the bar was appointed to act as their guardian *ad litem*, who consented so to act and appeared for them and filed an answer consisting of a general denial. Thereupon, the parties plaintiff and defendant appearing, a trial was had before the court sitting as ·a jury, and a finding and judgment were rendered in favor of the plaintiff in the sum of $354.28.

Execution having issued from this judgment, the defendants appeared by their guardian *ad litem*, and also by attorney, and moved to quash the execution for the following reasons: *First.* Because the petition did not state facts sufficient to constitute a cause of action. *Second.* Because the court had no jurisdiction to render any judgment. *Third.* Because the judgment

is in excess of the amount prayed for. The court sustained this motion, and the plaintiff prosecutes this appeal from the court's order. The first and third grounds of the motion may be laid out of view with the observation, that they do not challenge the jurisdiction of the court over the parties or the subject-matter, but merely make allegations of the supervening of errors for which the judgment might be reversed on writ of error, if the allegations are well founded. It seems scarcely necessary to discuss the proposition, that an execution cannot be quashed on motion, for the mere reason that errors may have supervened at the trial, apparent on the face of the record. This would clothe the court rendering the judgment with power to annul the same after the close of the term by preventing its execution; nor would there be any limitation in point of time for the exercise of this power, such as the statute imposes upon the suing out of writs of error. If such a power were conceded, judgments would never be a finality; or, more properly speaking, they would never be conclusively effective, because it would always rest within the power of the court to arrest their execution. It has often been held in this state that an execution may be quashed on motion, where the judgment is a mere nullity (*Ex parte James*, 59 Mo. 280; *Holzhour v. Meer*, 59 Mo. 434); yet such a motion is not available in case of errors and irregularities which are not jurisdictional. *Merrick v. Merrick*, 5 Mo. App. 123; *Hodgson v. Banking House*, 9 Mo. App. 573; *Adams v. Tracey*, 13 Mo. App. 578; *Gregory v. Gregory*, 10 Mo. App. 589; *Ewing v. Donnelly*, 20 Mo. App. 6. These considerations make it apparent that a motion to quash an execution cannot be made to perform the office of a writ of error, and that, if errors appear on the face of this record, the defendants still have their remedy by

Horstmeyer v. Connors.

writ of error, and by an application for a *supersedeas* under the statute.

It remains then to consider the second ground laid in this motion to quash the execution, which was that the court was without jurisdiction to render any judgment. The argument in support of this ground is that the court was without jurisdiction, because the petition does not state a good cause of action. This argument confounds the distinction between jurisdiction and errors committed in the exercise of jurisdiction. It is only in the case of courts of limited and special powers, or in the case of special proceedings contrary to the general course of procedure of courts of common law or equity, that the principle obtains that a good petition is necessary to show jurisdiction for the purpose of supporting the judgment, when assailed collaterally, and then it will be sufficient, if the necessary jurisdictional facts appear from the whole record. Where the proceeding is, as in this case, in a court of common law and equity jurisdiction, the case is presumed to have been within its jurisdiction, until the contrary appears. The contrary does not appear in this case. The circuit courts of this state certainly have jurisdiction of actions against infant defendants. In this case all the infant defendants were regularly served with process; a guardian *ad litem* was regularly appointed for them; he accepted the trust and appeared and defended for them; and upon the issue joined by this answer there was a trial which resulted in a finding and judgment for the plaintiff. This affirmatively shows jurisdiction in the circuit court, and, if legal errors supervened, they are remediable by writ of error, as already suggested.

The judgment of the order of the circuit court quashing the execution is accordingly reversed. All the judges concur.