THEODORE HORSTMEYER, Defendant in Error, v. MAR-
GARET CONNORS *et al.*, Plaintiffs in Error.

St. Louis Court of Appeals, January 16, 1894.

1. Infants, Contracts of: OUTLAYS FOR REPAIRS OF HOMESTEAD.
The contract of infants to pay for the repair of a building, occupied
by them as a homestead, is not valid as a contract for necessaries.

2. ———: OUTLAYS FOR TAXES. But it is otherwise, where the property
so occupied belongs to the infants and to adults in common, and a
third person at the request of all the owners pays taxes on it, which
are overdue and drawing penalties. And *semble* that the liability of
the infant owners will result from such payment, if made at the
request of an adult owner only.

3. ———: ———: EXTENT OF INFANT'S LIABILITY. When special taxes
are thus paid, the infant owners are answerable for their entire
amount; but the liability of each infant owner for general taxes so
paid is limited to his own share of them, since general taxes are
apportionable under our statute.

*Error to the St. Louis City Circuit Court.*—HON. LEROY
B. VALLIANT, Judge.

REVERSED AND REMANDED *(nisi)*.

*Wm. F. Woerner* for plaintiffs in error.

The alleged request of the defendant infants, upon
which the plaintiff's claim is based, was nugatory.
*Tupper v. Cadwell*, 12 Metc. 559, cited with approval
in *Dillon v. Bowles*, 77 Mo. 609. The alleged request
of the infants being void, plaintiff is in the situation of
a volunteer. Such a person acquires no rights as
against one whose obligations he discharges. This
follows only when done in self-protection or under a
mistake of fact. *Johnson v. Goldsby*, 32 Mo. App.
560; *Bunn v. Lindsay*, 95 Mo. 250, 259; *Christy v. St.*

*Louis*, 20 Mo. 143; *Allen v. College*, 41 Mo. 302. But, even if this claimant could be permitted to shift his action to one for pretended necessaries furnished the infants, he states no cause of action. Necessaries include only food, raiment and education; they apply to the person of the infant only, not to payments made for the benefit of his estate, such as repairs, insurance and taxes. Repairs on a house are not necessaries. *Tupper v. Cadwell*, 12 Metc. 559, 562; *Ins. Co. v. Noyes*, 32 N. H. 345, 351; *Price v. Sanders*, 60 Ind. 314; *Mathes v. Daubschutz*, 72 Ill. 438; *Bicknell v. Bicknell*, 111 Mass. 265; *Freeman v. Bridges*, 4 Jones, Law, 1; *Wallis v. Bradwell*, 126 Mass. 367.

*David Murphy* for defendant in error.

ROMBAUER, P. J.—The plaintiff recovered a judgment against the defendants for an amount alleged to have been paid by him at their request for taxes and repairs on certain real estate. The defendants did not appeal from the judgment, nor did they file any motion for new trial or in arrest of judgment, but at a term subsequent to its rendition they filed a motion to quash the execution issued thereon. The court quashed the execution and the plaintiff appealed to this court, which reversed the judgment quashing the execution. *Horstmeyer v. Connors*, 51 Mo. App. 394. We decided on that appeal that the court had jurisdiction of the parties and subject-matter, and that the question whether the petition stated a cause of action, or whether the judgment was excessive, could not be tested by [a motion to quash an execution, but was reviewable only on appeal or writ of error. The defendants thereupon sued out this writ of error, and now assign for error that the petition does not state a cause of action, and that the judgment is excessive and

irregular in form.

Touching the last two objections it will suffice to say that, as neither a motion for new trial nor in arrest of judgment was filed in the case, and as the amount of the judgment is within the prayer of the petition, they are not properly before us. *Erdbruegger v. Meier,* 14 Mo. App. 258; *Mahan v. School District,* 29 Mo. App. 269.

We pass to the consideration of the only question properly before us, namely, whether the petition does state facts sufficient to constitute a cause of action.

The substantial parts of the petition are as follows:

"Plaintiff for cause of action against the defendants (states that) Margaret Connors, Mary Ellen Ruth, Elizabeth McHale, and the following minors: James McHale, Alice McHale, Annie McHale, Sadie McHale, Thomas Jacks and Michael McHale, are the legal heirs of Michael McHale, who died on or about the twenty-fifth day of March, 1883, a widower; that letters of administration with the will annexed were granted to Thomas McHale on the second of April, 1883, and, it being shown to the probate court of the city of St. Louis, Mo., that the estate was exhausted and no assets except the following described piece of property, an order of no process was duly made, and said property set apart and allowed as a homestead for said minor children (here follows a description of the real estate); that during said administration and subsequently, while said property was so set apart and continued to be the homestead of said minor heirs, there was duly levied and assessed against said property from time to time certain general and special taxes and liens, which being past due and subject to penalties and costs and to sale and loss to said heirs, and in order to prevent same, and save said property for

the purposes mentioned, and at the request of defend-
ants, plaintiff paid out and expended at the times and
for the purposes hereinafter set out divers sums of
money, which, with the interest thereon from date of
payment to this date, amount to a total sum of $214.73,
as follows: (Here follow the items of which said sum
is made up, being various general and special taxes,
with the penalties and interest.) Plaintiff prays judg-
ment for said $214.73 and costs.

"And for a further cause of action against said
defendants, plaintiff states that it was necessary to
make certain repairs to the premises first described in
order to preserve it as a homestead for said minors
heirs, and, at the request of defendants, plaintiff paid
out and expended for such repairs, and for the material
and labor thereof, the sum of $94.80 as follows: (Here
follow certain items of which said sum is composed.)
Interest on same, $14.70; total $119.50.

"Plaintiff prays judgment for said sum," etc.

It will be thus seen that a recovery is sought
against nine defendants, three of whom are adults, and
six of whom are minors. That the petition does state
a cause of action against the adults is conceded, but it
is claimed that it fails to state a cause of action
against the minors, who were incapable of entering
into an express contract except for necessaries, and
against whom a contract can not be implied.

In *Tupper v. Cadwell*, 12 Metc. 559, 563, an infant
twenty years old was sought to be charged for neces-
sary repairs made upon his house. The trial court
charged the jury that, if the work and materials
furnished were actually necessary to prevent immediate
serious injury, or destruction of the property, and
could not be postponed for one year, the work and
materials were necessaries, and, if the infant contracted
for them, he was liable. The jury returned a verdict

for the plaintiff, which the supreme court set aside, holding that the judge's charge was erroneous. In the course of the opinion, Judge DEWEY uses the following language, which we consider very clearly denotes the proper line of demarcation in this class of cases: "It has sometimes been contended that it was enough to charge the party, though a minor, that the contract was one plainly beneficial to him in a pecuniary point of view. That proposition is by no means true, if, by it, it be intended to sanction an inquiry, in each particular case, whether the expenditure, or articles contracted for, were beneficial to the pecuniary interests of the minor. The expenditures are to be limited to cases where, from their very nature, expenditures for such purposes would be beneficial; or in other words, they must belong to a class of expenditures which are in law termed beneficial to the infant. What subject of expenditures are included in this class is a matter of law, to be decided by the court. The further inquiry may often arise, whether expenditures, though embraced in this class, were necessary and proper in the particular case; and this may present a question of fact.

"No authority has been found which, in our opinion, sustains the proposition that a minor is liable for expenditures upon his real estate of the character and under the circumstances here stated. No necessity can exist for such expenditures, solely upon the credit of the minor. The fact that he has real estate which may require supervision, and may need repairs, furnishes the proper occasion for the appointment of a guardian, through whose agency such repairs can be made, and, as the law assumes, more judiciously made, than through the agency of the minor."

The sterling sense of these remarks is entitled to additional weight, because the case, wherein they were

used, is cited with approval both by this court and the supreme court in *Dillon v. Bowles*, 8 Mo. App. 419, s. c. 77 Mo. 603. See also on this subject a very satisfactory opinion by Judge SMITH in *Paul v. Smith*, 41 Mo. App. 275, wherein many cases touching the meaning of "necessaries" to infants are collected.

Applying these propositions to the facts of the case before us, it is clear that the recovery under the second count of the plaintiff's petition for repairs on the house occupied by the infants as a homestead cannot be upheld as against them, while it must be upheld against the adults, and the only question is, does the payment of taxes upon the homestead occupy a different plane. We think it does to some extent. The petition charges that these taxes were duly levied and assessed against the property whilst occupied by the infants as a homestead, and that such taxes were past due and subject to penalties and costs. For the purposes of the present inquiry the truth of that allegation is conceded. We are also bound to take judicial notice of the fact, that past due taxes are subjecting the property to an increased lien for penalties and costs, and that the fact that the owners are minors does not exempt them from the highly penal consequences of their default. *Walters v. Hermann*, 99 Mo. 529. The adult defendants, who were the cotenants of the minors, had the unquestioned right to pay the taxes and charge each infant's share in the estate with his proportion, and it fairly appears from the petition that the infants had no other estate which could be thus charged. That the taxes were paid by a third person at the request of the adults can make no substantial difference. It was said by Lord MANSFIELD in *Zouch v. Parsons*, 3 Burr. 1801, that, "generally, whatsoever an infant is *bound to do by law* the same shall bind him, albeit he doth it *without* suit by law;" and, again, "to

Horstmeyer v. Connors.

what end should the law permit a minor to avoid an act, which, in *any* way, through *any* mean, by *any* juris-diction, he might be compelled to *do over again* after it was undone? It would be assisting him to vex and injure *others*, without the least benefit to *himself*."

But, while we fully recognize the liability of the infants upon their respective requests to become answerable for their *respective shares* of the taxes paid, no request can make either of them answerable beyond his share, and *in solido* for the whole amount of the taxes paid. Under the provisions of section 7612 of the Revised Statutes of 1889, a person is enabled to pay a tax on his individual undivided share in real estate, and the collector is bound to receive it, and that share becomes thereby exempt from sale. This objection does not go solely to the form of the judgment entered, but to the question whether a judgment could be entered *in solido* against all the defendants upon a request, which, applying to the allegations of the petition the only admissible legal deduction, was a request by each infant to pay his share of such taxes and no more. This reasoning does not apply to the special tax bill, which, if paid at all, was bound to be paid as an entirety.

We are asked by the plaintiff in error to reverse the entire judgment, in case we should hold that the infants are not liable for any part thereof. Our statute provides that judgments may be given for, or against, one of several plaintiffs, and for, or against, one or more of several defendants. Revised Statutes, 1889, sec. 2207. It also makes it the duty of appellate courts to "give such judgment as such (lower) court ought to have given." *Ibid*, sec. 2304. Keeping these provisions in view, we thing the justice of the case is best subserved by permitting the defendant in error, if he so elects, to remit in this court his recovery

against the minor defendants, except the amount of $55.35 being the amount of the special tax bill and interest thereon. If he will do so within one week from the filing of this modified opinion, the judgment will be affirmed against the adult defendants for the full amount, and against the infant defendants for $55.35; otherwise it will be reversed, and the cause remanded for further proceedings in conformity with the views herein expressed. In connection herewith we call the attention of the parties and the trial court to *Walker v. Deaver*, 79 Mo. 664. So ordered. All concur.