LOUIS HOUCK, Respondent, v. IDA BRIDWELL *et al.*, Appellants.

St. Louis Court of Appeals, January 31, 1888.

1. PRACTICE—STATEMENT AND BRIEF.—If a statement and brief, although inartificially drawn, sufficiently advise the court and the adverse counsel of the errors complained of, a motion to dismiss the appeal for failure to comply with Revised Statutes, section 3773, and rule fifteen of this court, will not lie.

2. INFANT, IN LITIGATION—AUTHORITY OF NEXT FRIEND.—One acting as next friend for an infant in litigation, has no authority to bind the infant by a contract for attorney's fees.

3. CONTRACT, EXPRESS OR IMPLIED.—There can be no implied contract, where an express contract exists between the same parties, in reference to the same subject-matter.

APPEAL from the Mississippi Circuit Court, HON. JAMES A. BOONE, Special Judge.

*Reversed.*

ALONZO HAWKINS, for the appellants: The court erred: (1) In overruling defendant's motion or demurrer to the introduction of any evidence by plaintiff. *Dillon v. Bowles*, 77 Mo. 604; Story on Cont. (4 Ed.) secs. 22, 60, 69, 70. (2) In giving instruction number one for plaintiff. 1 Story on Cont., secs. 15, 22, 32; 2 Story on Cont., sec. 142; *Jones v. Jones*, 2 Swan, 606, 608; *Hughs v. Connor*, 1 Sneed, 622; *Hawkins v. Humble*, 5 Cold. 534; *Abernatha v. Black*, 2 Cold. 314, 317, 623; *Israel v. Perry*, 2 Cold. 620; *Lowery v. Naff*, 4 Cold. 370; *Massey v. Taylor*, 5 Cold. 442, 440; *Hunter v. Setherer*, 1 Bax. 170. (3) In refusing to give instructions asked by defendants. *Dillon v. Bowles*, 77 Mo. 604; *McCarty v. Roundtree*, 19 Mo. 345; 6 Mass. 301; 100 Mass. 240; 10 Allen, 564; 1 Hare & Wallace, Am. Leading Cases, 306, 309, 310; 1 Story on Cont., secs. 60, 69, 70, 454. (4) In overruling defendants'· motions for a new trial and in arrest.

J. J. RUSSELL, for the respondent: It is not assigned as error that the petition did not state a cause of action. *Coy v. Robinson*, 20 Mo. App. 462; *Wheeler v. Manufacturing Company*, 23 Mo. App. 190; *Cuomo v. City*, 24 Mo. App. 567. Appellants assign as error the giving of instruction number one for plaintiff, but the attention of the trial court was not called to it in the motion for new trial. The law provides for the appointment of a next friend by the court. Rev. Stat. sec. 3470. To say that the next friend so appointed has no power to procure an attorney is to render nugatory and useless the above provision of our statute law. The common law of the land still holds to the doctrine that a minor is liable for necessaries. The law creates the promise. Bishop on Contracts (2 Ed.) sec. 266; 1 Parsons on Contracts (2 Ed.) 244. No reference is made in the motion for a new trial to the· admission or rejection of evidence, and will not be considered by the appellate court. *Snell v. Harrison*, 83. Mo. 652; *Simpson v.*

*Schulte*, 21 Mo. App. 639. The attention of the trial court was not called by the motion for new trial to any instructions refused, hence the same will not be considered in the higher court. *Light v. Railroad*, 89 Mo. 108. It is even extremely doubtful whether the motion in this case, called a motion for a new trial, is such as to entitle appellants to have any of the alleged errors reviewed. It is, in fact, simply a motion to set aside the verdict, but does not ask for a new trial. *Leonard v. Linch*, 9 Mo. App. 584.

ROMBAUER, J., delivered the opinion of the court.

A preliminary question to be disposed of in this case is, whether plaintiff's motion to dismiss the appeal is well taken. The motion asserts that appellants have failed to comply with the requirements of section 3773, Revised Statutes, and of rule fifteen of this court, in this, that the brief and statement filed do not give a clear and concise statement of the pleadings and facts shown by the record, and do not distinctly and separately set out the errors complained of.

The appellants have filed a printed brief in the case, which purports to contain a statement of the issues, evidence, errors complained of, and a citation of authorities bearing upon the subject. The statement is not full nor clear, nor are the errors complained of distinctly and separately set out. It is evident, however, that the brief thus filed was intended to be a compliance with the requirements of the statute and our rule. A rigid insistence upon a strict and literal compliance with the law and rule would result in a dismissal of most appeals coming to this court. For that reason, among others, we have heretofore held that, where a statement and brief, however inartificial, sufficiently advise the court and adverse counsel of the errors complained of, a motion to dismiss will not lie. In conformity with this holding the motion to dismiss filed in this case will be overruled.

The action is one to recover the reasonable value of legal services, claimed by plaintiff to have been per-

formed by him under a contract with one Bridwell, in an action prosecuted by the defendants, minors at the time, through said Bridwell as their next friend. It is not claimed that Bridwell had any other authority to employ counsel for defendants except such as the law, statutory or other, may confer upon a next friend in such cases. One of the defendants is still a minor, the other is of age, but there is neither allegation nor evidence that the latter ratified the contract after arriving at the age of maturity, or ever promised to pay anything. The defendants filed answers raising the general issue, but upon the trial objected to the introduction of any evidence on the ground that the petition failed to state facts sufficient to constitute a cause of action. This objection was overruled and the defendants excepted. There was judgment for plaintiff for one hundred dollars, whereupon the defendants renewed their objection to the sufficiency of the petition by motion in arrest, and now urge it here as a ground for reversal of the judgment.

Our statute is silent on the authority of a next friend to make a contract for legal services on behalf of an infant. It provides for his appointment by the court, and then proceeds: "The guardian or next friend of an infant who commences or prosecutes a suit shall be responsible for the cost thereof, unless such infant shall be permitted by the court to sue as a poor person." Sec. 3476. If any inference is drawn from the statute it would seem to be the one that, as the next friend cannot even bind the infant for costs, he can, *a fortiori*, not bind him for other expenses of the litigation.

The power to bind an infant by contract made on his behalf rests with the guardian of his person and estate, or the curator of his estate, as the case may be, with the sanction of the probate court. The statute provides that: "It shall be the duty of all (such) guardians or curators to represent their wards in all legal proceedings, to sue for, demand and receive all their dues, give discharges therefor, and compound the same

upon such terms as may be authorized by the probate court; and all matters committed to their care, they shall prosecute and defend for their wards without further admittance, in the several courts of this state." Rev. Stat., sec. 2579.

The plaintiff's petition alleges that the infants never had any curator or guardian appointed to take charge of their estate. That fact cannot enlarge either the duties or powers of a guardian or next friend appointed by the circuit court for the prosecution of a suit.

The only decision in this state, which, by analogy, bears on the question under consideration, is found in *Dillon v. Bowles* (8 Mo. App. 419). The opinion in that case was literally adopted by the Supreme Court (77 Mo. 607). Judge Hayden, in deciding an analogous question in that case, says: "The attorneys were bound to know they could not hold the infant to any implied obligation to pay for fees, and in view of this they made their contract. * * * If, at the request of the attorneys of this infant, a person had paid money to the attorneys for these fees in order to preserve the land of the infant, it would have been a voluntary payment and not recoverable by the infant." Citing *Bicknell v. Bicknell*, 111 Mass. 265 ; *Tupper v. Cadwell*, 12 Met. 559 ; *Winsor v. Savage*, 9 Met. 346.

The objection that the petition fails to state facts sufficient to constitute a cause of action is never waived. Rev. Stat., sec. 3519 ; *Staley Furnishing Co. v. Wallace*, 21 Mo. App. 130, and cases cited. It is, therefore, immaterial whether or no the motion in arrest is sufficiently definite to save the point in this instance.

As the plaintiff's petition states no cause of action against the defendants no recovery can be had thereon. It further appears, however, from plaintiff's own evidence, that the services were rendered under a special contract with Bridwell, which contract was never fully performed by plaintiff, but was terminated by plaintiff's voluntary withdrawal from the prosecution of the suit. The plaintiff testifies that the withdrawal was

with the consent of Bridwell, the plaintiff agreeing to pay counsel substituted in his place. Bridwell testified that the withdrawal took place without his consent. Either view is fatal to plaintiff's recovery against any one as upon a *quantum meruit*. If plaintiff's version is true, his remedy is by suit upon the contract as modified, which still remained an express contract. No contract can be implied where an express contract exists in reference to the same subject-matter. *Gruetzner v. Furniture Co.*, *ante*, p. 263. If Bridwell's version is true there could be no recovery either upon the contract or upon a *quantum meruit*. *White v. Wright*, 16 Mo. App. 551.

It results that the judgment must be reversed. It is so ordered. Judge Thompson concurs. Judge Lewis is absent.