CARL ZIMMERMAN ET AL. V. KATE SMILEY.

FILED JUNE 19, 1901. No. 10,045.

Commissioner's opinion, Department No. 1.

A Mother Can Not Compromise Rights of Her Children in Pending Action on Liquor Seller's Bond. A mother, pending an action upon a liquor seller's bond, under section 16, chapter 50, Compiled Statutes, brought on her own behalf and that of her minor children, has not authority to settle and compromise their rights without the authority and approval of the court.

ERROR from the district court for Jefferson county. Tried below before LETTON, J. *Affirmed.*

*E. H. Hinshaw, Charles Clifton* and *W. H. Barnes,* for plaintiffs in error.

*John C. Hartigan, John Heasty* and *Alfred Hazlett, contra.*

HASTINGS, C.

But one question is raised in this case. It is an action brought under section 16, chapter 50, Compiled Statutes, by a married woman in her own name, and as the next friend of her children, for damages alleged on account of the death of the husband and father. During the pendency of the action, she executed the following receipt:

"FAIRBURY, NEBR., Sept. 8th, 1896.

"In the District Court of Jefferson County, Nebraska.

"MRS. SMILEY, PLAINTIFF,
    vs.                       } Receipt.
W. H. BEARDSLEY, DEFENDANT.

"Received of W. H. Beardsley fifty dollars ($50.00) in full satisfaction of all claims, damages and demands held or due me from the said W. H. Beardsley, and in full settlement of the above case, so far as the same affects the said W. H. Beardsley.          MRS. KATE SMILEY."

At the trial the jury were instructed that if they found that this receipt was executed voluntarily and without misrepresentation or fraud, it would be a bar to the claim of the plaintiff for her own personal damages against the sureties of the liquor seller, but that it would be no bar to her recovery for any loss of support which the jury should find that the children had suffered through the liquor traffic of the defendant principals. The jury returned a special finding that the receipt was executed without fraud or misrepresentation. The jury also returned a special verdict finding that plaintiff should recover $1,000 on account of her children from all the defendants, and recover nothing from any of them on her own account.

The errors complained of all relate to the holding of the defendant sureties liable, notwithstanding this receipt, for the children's loss of support. It is earnestly claimed that the statute in question gives the mother full control, not only of this action, but of the funds, and is ample warrant for her releasing the action of her children, as well as her

own. The section reads as follows: "It shall be lawful for any married woman, or any other person at her request, to institute and maintain, in her own name, a suit on any such bond for all damages sustained by herself and children on account of such traffic, and the money when collected shall be paid over for the use of herself and children."

The case of *Wardell v. McConnell,* 23 Nebr., 152, is cited in support of the contention that the mother is able to exercise full control of not only the litigation, but the rights of her children; that in fact the right is her right, while given her on account of her children, and in confidence that as a mother she will exercise it for their benefit. *Wardell v. McConnell* hardly seems to bear out the contention of the plaintiff in error. In that case the jury found, and the court decided, that the mother had estopped herself from claiming anything on her own account by her contributing to the procuring of the liquor which caused the damage; but it held that this, if it prevented recovery on her own account, did not interfere in the least with a recovery on account of her children. If an estoppel on her own account did not prevent a recovery on behalf of her children, it is difficult to see why a receipt would do so, which purports to be signed simply on her own account. It is to be remembered, too, that in *Buckmaster v. McElroy,* 20 Nebr., 557, the complicity of a drinker in his own intoxication was held to be no bar to his recovery of damages for the loss of his legs occasioned by such intoxication. If the reasoning of that case is carried to its logical result, action for damages of this kind is barred only by payment or by the statute of limitations. The statute seems to authorize the mother to institute and maintain an action and collect the proceeds for her use and her children's. We do not see, however, that any greater control is given her than that exercised by a next friend in suits on behalf of a minor, and it seems well established that a next friend has no authority to compromise or settle the claim of the ward, except by the approval of the court.

*Tripp v. Gifford,* 155 Mass., 108, and cases cited in that opinion.

We do not discover any error in the instructions, nor in the findings of the jury thereunder. It would seem that the mother, while she might collect the compensation for her children's loss, could barter away only her own, and that in carrying on an action of this kind she has only the authority of a next friend, so far, at least, as her children's rights are concerned. That seems to be as much as the statute contemplates giving her. We therefore recommend that the judgment of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.

NOTE.—While the next friend may be any person who will undertake the infant's cause, he is in theory of law appointed by the court. *Morgan v. Thorne,* 7 Mees. & Wels. [Eng.], *400; *The Ætna,* 1 Ware [U. S. D. C.], 462; *Baltimore & O. R. Co. v. Fitzpatrick,* 36 Md., 619. A next friend can not bind the infant's estate for attorney fees. *Houck v. Bridwell,* 28 Mo. App., 644. He can not submit the case to arbitration. *Tucker v. Dabbs,* 12 Heisk. [Tenn.], 18. He can not compromise the suit without the express sanction of the court. *Isaacs v. Boyd,* 5 Porter [Ala.], 388; *Miles v. Kaigler,* 10 Yerg. [Tenn.], 10; *Crotty v. Eagle,* 35 W. Va., 143; *Clark v. Crout,* 13 S. E. Rep. [S. C.], 602. But he may assent to arrangements which will facilitate the trial and determination of the cause. *Kingsbury v. Buckner,* 134 U. S., 650. Not being a party to the suit, he is not liable for costs.—RE-PORTER.