HELEN PEARL CAMPBELL, Plaintiff in Error, v. ERVIN W. CAMPBELL, Defendant in Error.—No. 38008.—165 S. W. (2d) 851.

Division One, November 10, 1942.

*Albert Thomson, Roy B. Thomson* and *Ryland, Stinson, Mag & Thomson* for plaintiff in error.

*G. R. Chamberlin* for defendant in error.

DALTON, C.—Writ of error to the Circuit Court of Cass County. From the return it appears that on April 17, 1929, while plaintiff in error was a minor and under the age of 14 years, a suit was instituted in said court on her behalf, by her duly appointed next friend, to quiet and determine title to 264 acres of described real estate in said county. Judgment was entered in said cause on July 29, 1929; and, on March 28, 1936, a nunc pro tunc entry was made amending the judgment. The petition for the writ was filed on October 2, 1941, under the provisions of Sec. 1202, R. S. 1939, Mo. Stats. Ann., Sec. 1036, p. 1330. We have jurisdiction, because title to real estate is directly involved. Article 6, Sec. 12, Constitution of Missouri, 15 Mo. Stats. Ann., p. 561.

It appears from the petition for the writ of error and certain verified exhibits filed in this cause, including a certified copy of a birth certificate, that plaintiff in error was born November 19, 1917, near Garden City, Missouri and became 21 years of age on November 19, 1938. In the absence of any denial, we shall consider the statements true and assume that the writ of error was sued out within 3 years after the removal of her disability. State ex rel. Marlowe, Collector of New Madrid County, v. Nolan, 347 Mo. 124, 146 S. W. (2d) 598, 600. Notice of the writ required by Sec. 1217, R. S. 1939, Mo. Stats. Ann., Sec. 1051, p. 1335, was duly served on the attorney of record for defendant in error. A transcript of the record and

all proceedings in the quiet title suit was duly filed in this court on January 9, 1942.

The first record entry in the court below was the order of the circuit clerk appointing Cora Spencer next friend for Helen Pearl Campbell, a minor, to institute and prosecute the action against Ervin W. Campbell (defendant in error in this proceeding). The order recites that Cora Spencer had petitioned for such appointment; that she was the mother of the minor, who resided with her; that the minor was under the age of 14 years and had no legally appointed guardian; and that Cora Spencer (the applicant) had consented in writing to act as such next friend.

Immediately after said appointment, suit was instituted by said minor, by her said next friend, against Ervin W. Campbell to quiet and determine title to the described real estate. In this connection we may say that it appears from the exhibits on file in this court, corroborated by recitals appearing in the record, that Cora Spencer and Ervin W. Campbell had been married and later divorced; that they were the parents of the infant plaintiff; and that Cora Spencer had married again prior to the institution of the suit.

The petition, in somewhat conventional form under Sec. 1684, R. S. 1939, Mo. Stats. Ann., Sec. 1520, p. 1682, alleged that plaintiff was the owner of the described real estate; that the land was formerly owned by Mary F. Campbell, who died in April, 1929; that, while owning said land, Mary F. Campbell on October 5, 1927, by warranty deed conveyed the land to Henry G. Hinkle; that the deed was never recorded and was either lost, destroyed or in the possession of defendant; that on April 12, 1929, Henry G. Hinkle conveyed said land by quitclaim deed to plaintiff; that the defendant claimed some right, title or interest in and to said land, adverse to the title of plaintiff; and that defendant was the sole heir of Mary F. Campbell, deceased. Plaintiff prayed judgment that plaintiff was the absolute owner in fee simple of the described real estate and that defendant had no right, title or interest therein.

On May 6, 1929, defendant appeared in said court and, on application of plaintiff, a receiver was appointed. Thereafter, on May 23, 1929, defendant filed his answer to plaintiff's petition by which he admitted that Mary F. Campbell had owned the described real estate and that Henry G. Hinkle had executed a quitclaim deed to plaintiff, but defendant denied that plaintiff was the owner of the described land or had ever had any interest in it. He denied that Hinkle had any right, title, or interest at the time the quitclaim deed was executed, and alleged that Mary F. Campbell died, intestate, owning the real estate; that he (defendant) was her only heir; and that he inherited the land from her and owned it in fee simple. He asked judgment that he was the absolute owner in fee simple of the described

land; and that title be quieted against any claim or interest of plaintiff.

On July 26, 1929, a stipulation and contract for the settlement of said pending suit was filed with the clerk of said circuit court. The contract and stipulation purported to be signed by Cora Campbell Spencer, guardian and next friend of Helen (Pearl) Campbell, a minor, Ervin W. Campbell, Administrator of (the estate of) Mary F. Campbell, deceased, and Henry G. Hinkle, Cora Campbell Spencer and Ervin W. Campbell, individuals. There is nothing in the contract or record in this cause to show that Cora Campbell Spencer was ever appointed guardian of Helen Pearl Campbell, a minor, by any probate court or that any such court approved such contract by such guardian and, further, there is nothing in this record to show that Cora Campbell Spencer, as *guardian* of Helen Pearl Campbell, a minor, Ervin W. Campbell, as administrator of the estate of Mary F. Campbell, deceased, Cora Campbell Spencer, in her own right, or Henry G. Hinkle were ever parties to the proceeding to quiet and determine title to the said real estate, although their names appear on the stipulation and contract along with those of the parties to the suit.

The stipulation and contract recited that the quiet title suit, instituted by Cora Campbell Spencer, as "guardian" of Helen Pearl Campbell, against Ervin W. Campbell, was pending; that proceedings had been commenced in the probate court of Cass County by Ervin W. Campbell to take from Henry G. Hinkle certain property inventoried in said court as belonging to the estate of Mary F. Campbell, deceased; that a proceeding in replevin to recover property of said estate was pending before a Justice of the Peace at Harrisonville; that Cora Campbell Spencer was, under a judgment of the circuit court of Jackson County, entitled to $1250 from Ervin W. Campbell for maintenance of Helen Pearl Campbell; and that, for the purpose of settling and adjusting the rights of the several parties, it was agreed: (1) "That there shall be a decree of the circuit court of Cass County . . . *vesting* the title to all of said land in Ervin W. Campbell, subject only to the indebtedness herein mentioned" (italics ours); (2) "that there shall be a finding of the probate court of Cass County . . . vesting the title to the personal property in dispute . . . in the said Henry G. Hinkle and vesting . . . the title to the personal property taken under the writ of replevin in the administrator . . ."; (3) "vesting the title to the crops grown on the land above described and growing on the land above described in the said Ervin W. Campbell . . ."; (4) that "the proceeds of property sold by Henry G. Hinkle shall be his"; (5) that Ervin W. Campbell execute one note for $1500 and one for $400, both due August 1, 1931, also, one note for $800 due August 1, 1932, and one for $5300 due August 1, 1935, and secure all of said

notes by a deed of trust on 200 acres of the described land, subject to a first deed of trust on 80 acres of said land that secured a $1000 note; (6) that Ervin W. Campbell would pay off the said $1000, when due, and protect the security of the other indebtedness; and ''that the payments herein recited shall be a full settlement of the alimony and support money recited in said judgment at Independence Division of the circuit court of Jackson County, Missouri.'' (Subdivisions (7) and (8) concern detailed terms of the proposed deed of trust.) (9) ''It is agreed that Henry G. Hinkle, if requested to do so, shall make a quit claim deed to said land to the said Ervin W. Campbell and that the court may enter a decree annuling the quit claim deed by Henry G. Hinkle to Helen Pearl Campbell.'' (Subdivision (10) provides that each party to the litigation pay his own costs and that there be no claims for damages on account of the replevin suit.) (11) ''The said Ervin W. Campbell shall execute his notes and trust deed, being joined in said trust deed by his wife, and the same shall be placed in escrow with Marion Spicer, Circuit Clerk, to be delivered when the decree of court shall be rendered as to said land as above provided. Same to be delivered to the attorneys of Mrs. Spencer and Henry G. Hinkle. The said Henry G. Hinkle hereby agrees to give possession of the above described land in thirty days from date of rendition of decree above provided for. Said Ervin W. Campbell agrees to pay the funeral expenses of Mary F. Campbell, deceased.''

Pursuant to this stipulation a judgment was entered on July 29, 1929. This judgment, among other things, recites: ''This cause having heretofore been settled and a stipulation of said settlement having been filed herein, signed and executed by all the parties in interest hereto and the court being fully advised in the premises, having heard the evidence and argument of counsel, doth find, adjudge and decree that Mary F. Campbell, deceased, who departed this life on the 9th day of April, 1929, did on the 5th day of October, 1927, convey by warranty deed to Henry G. Hinkle the following described real estate . . . (being the property described in the petition) . . . And the court doth further find that on the 12th day of April, 1929, said Henry G. Hinkle by quit claim deed conveyed said land to Helen Pearl Campbell, the plaintiff; that it has been by stipulation and contract between all of the parties hereto agreed that the defendant, Ervin W. Campbell, *shall by this suit take title in fee simple to all of said land,* subject to mortgage of one thousand ($1,000.00) dollars . . . ; that the title of the said Ervin W. Campbell shall also be subject to the following notes and deed of trust this day delivered to the clerk of this court . . . '' (Italics ours.) The judgment recites that the notes are to be delivered to the payees named therein, to wit, the $1500 note to H. G. Hinkle, the $400 note to Silvers and Hargus (attorneys for plaintiff), the $800 note to Cora Campbell Spencer, and the $5300 note to Cora Campbell

Spencer, "guardian" of Helen Pearl Campbell, when the "decree is filed with the clerk for record." The judgment recites that the notes. are dated July 23, 1929, and bear interest at 6% per annum, and that the deed of trust shall be a first lien upon the described land, subject only to the $1000 encumbrance before mentioned. Finally, the judgment provides that "the fee simple title to all of said land *shall be vested* in the defendant, Ervin W. Campbell, *subject to indebtedness* hereinbefore recited and said title quieted against the claims of plaintiff." (Italics ours.)

On March 28, 1936, the record shows (a) that a petition for a nunc pro tunc entry was filed and the cause redocketed; and (b) that the parties to the original suit appeared and "mutually" moved the court that a nunc pro tunc be entered to supersede the original judgment for the reason (1) that the original judgment didn't show that Helen Pearl Campbell received the $5300 note "in settlement of her interest"; (2) that the original judgment showed a clerical error concerning an alleged deed by Mary F. Campbell whereby the word ";not" was omitted; and that "whereas, and as a matter of fact, the parties agree that the said Mary F. Campbell, deceased, did not on the 5th day of October, 1927, convey said land to Henry G. Hinkle, and that she did not so convey said land is mutually agreed to by the parties hereto and was so agreed at the time said original judgment and decree was entered . . . ".; (3) that said "stipulation does not show that the judgment and decree was to find that the said Mary F. Campbell, deceased, conveyed said land to Henry G. Hinkle, but rather that said stipulation was that the decree was to vest the title to the said land to Ervin W. Campbell and, further, that the stipulation shows that Helen Pearl Campbell, a minor, was to receive a note of $5300 due and payable August 1, 1935, and the parties hereto at this time now mutually agree and admit that said minor, Helen Pearl Campbell, received said note in the sum of $5300, but due to inadvertence the said judgment . . . does not so find."

Immediately following these recitals in the record, an amended judgment is set out, substantially following the same form as the original judgment, except that the court finds that Mary F. Campbell did *not* on the 5th day of October, 1927, convey by warranty deed to Henry G. Hinkle.

The return to our writ further shows the following record entries from the Judge's docket as follows: "July 29, 1929—All parties represented in court. Judgment as per stipulation and decree. Court costs to be paid by party incurring same. Each party to pay one-half Receiver expense of allowance. Plaintiff acknowledges receipt of trust deed and notes described in judgment." "March 28, 1936, Nature of action, nunc pro tunc. Cause redocketed. Parties Plff. and Def. file a Pet. for a nunc pro tunc entry. Nunc pro tunc entry as follows copy."

Plaintiff in error contends that the judgment is erroneous because "based upon a stipulation which neither the minor plaintiff nor her next friend had capacity to enter into"; that the judgment is not confined to the issues made by the pleadings; that the court was without jurisdiction to enter the judgment; and that the entry of March 28, 1936, is a nullity.

Defendant in error points out that no motion for a new trial, nor bill of exceptions, was filed and that this court can only review the cause on the record proper. Defendant in error concedes that the judgment "was based upon the stipulation and settlement," but contends that the judgment itself shows "the court heard the evidence and argument of counsel"; that, "even if the suit was compromised and settled by plaintiff's next friend, the judgment is valid and binding on plaintiff in error"; and that "the infant plaintiff was represented by her own counsel, presumably acting in good faith and to the best of their abilities to safeguard her interest."

Defendant in error insists that "a suit instituted for an infant by a next friend may be settled and compromised" under the circumstances stated, "provided the court, to protect the infant's interest, judicially ascertains the facts through a real hearing and consideration of them"; and that, under the facts here, the infant plaintiff was bound by the judgment in her own action "as if of full age, . . . unless gross laches or fraud and collusion appear in the prochein ami." Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977, 981; Gilliland v. Bondurant, 332 Mo. 881, 59 S. W. (2d) 679, 682; Robison v. Floesch Construction Co., 291 Mo. 34, 236 S. W. 332, 336, and other cases are cited. It is further insisted that upon the record in this case "it will be presumed that the trial court did its duty to protect the infant's interest and did judicially ascertain the facts through a real hearing and consideration of them"; and that "in the absence of anything in the record to the contrary it will be presumed the court did its duty, as above stated; and that counsel for plaintiff in error acted in good faith and to the best of their abilities; and that there was no gross laches or fraud or collusion on the part of the next friend . . . of plaintiff in error."

Defendant in error further states: "Plaintiff in error contends that she received nothing for her interest in the land involved, but no such fact appears from the record. In fact, the contrary appears. . . . By the petition for nunc pro tunc entry and also the nunc pro tunc entry . . . it appears that plaintiff in error by her mother and next friend Cora Spencer and defendant in error . . . mutually agreed and admitted that plaintiff in error did receive the said note in the form of $5300." It is further contended that plaintiff in error "wants to disaffirm without returning the consideration"; that "she admitted she received a note for $5300 in full settlement for her alleged interest"; and that "she still has it." It is insisted that the "Mis-

souri Statutes contemplate that even a next friend of an infant plaintiff may receive the proceeds of the judgment in favor of the plaintiff in satisfaction thereof.''

Defendant in error further takes the position that a judgment which goes beyond the issues made by the pleading is not void in its entirety, but is void merely to the extent of the excess; and that it is valid to the extent of its determination of matters within the issues. Charles v. White, 214 Mo. 187, 208, 112 S. W. 545; Sutton v. Anderson, 326 Mo. 304, 31 S. W. (2d) 1026, 1036; Dickey v. Dickey (Mo. App.), 132 S. W. (2d) 1026, 1032. It is argued that the part of the judgment vesting title in defendant and quieting title as against plaintiff was within the issues made by the pleadings.

Finally it is contended that ''there is ample basis or support in the record for the nunc pro tunc entry''; that the original judgment omitted the word ''not'' and a basis for correction by nunc pro tunc entry is to be found in the contract and stipulation, by which it was agreed ''that the decree of the circuit court should vest title to the land in Ervin W. Campbell . . . ,'' and in defendant's answer, which denied that any deed was executed by Mary F. Campbell, and in the allegation that defendant was the owner. It is further said that ''actually the nunc pro tunc entry made no change in the judgment affecting the determination of the rights of the parties here involved,'' but was only ''a mere change in a recital of finding of fact by the court, and that the judgment itself was not changed.''

We think the record proper, upon its face, shows an attempt to transfer the minor plaintiff's interest in the described real estate to her father for a consideration, and, in effect, to distribute a part of the proceeds of the infant's property to pay her attorneys, to discharge the claim of the tenant in possession of the premises and pay off the judgment which had been rendered in favor of Cora Campbell Spencer against Ervin W. Campbell. The judgment is not based upon the theory that plaintiff had no interest in the land and there is nothing in the record to indicate that the amount of the notes exceeded the value of the land claimed by plaintiff.

The sole issue presented by the pleadings was whether the infant plaintiff or her father owned the 264 acres of described real estate. The contract and stipulation does not concern itself with the question of fact as to the true ownership of the property, nor does it concern the underlying facts upon which the right, title or interest of the infant depended. Instead, it was merely agreed that there should be (1) a decree of the circuit court of Cass County ''vesting the title to all of said land in Ervin W. Campbell'' (not a judgment that he was in fact the owner of said land, or confirming his claim thereto); that Henry G. Hinkle, if requested to do so, should make a quitclaim deed to said land to Ervin W. Campbell; that the court could further enter a decree annuling the quitclaim deed by Henry

G. Hinkle to Helen Pearl Campbell; and that Ervin W. Campbell should execute $8000 in notes, secured by a deed of trust on the land, and deliver them to the clerk for delivery to "the attorney of Mrs. Spencer and Henry G. Hinkle . . . when the decree of court shall be rendered as to said land." These circumstances are not consistent with defendant's ownership of the land in fee simple by inheritance. They are, however, consistent with the ownership of some right, title or interest in the minor and an attempted transfer thereof to defendant. The contract, in effect, attempted to sell and transfer the minor's interest in the described real estate to her father without any compliance whatsoever with the provisions of the statutes then in force and effect, to wit, Secs. 405-411, R. S. 1929, Mo. Stats. Ann., Secs. 405-411, pp. 257-260, prescribing the conditions for the sale of a minor's real estate or any interest therein.

The judgment attempts to carry out the terms of the contract. The judgment recites that the cause had been settled and the stipulation filed; that the court found the facts to be that Mary F. Campbell (the agreed common source from whom both parties to the suit claimed title) had on October 5, 1927, conveyed the property to Henry G. Hinkle; and that Henry G. Hinkle had on April 12, 1929, by quitclaim deed conveyed the same to Helen Pearl Campbell, the infant plaintiff (thus carrying the title to plaintiff). In full accord with this theory, the judgment continues, "it has been by stipulation and contract between all of the parties hereto agreed that the defendant, Ervin W. Campbell *shall by this suit take title* in fee simple to all of said land," subject to a mortgage for $1000 and the proposed deed of trust, securing notes for $8000. The judgment then provided that the notes previously delivered to the clerk be delivered to the payees upon the filing of the decree. A note for $5300 was payable to "Cora Campbell Spencer, guardian of Helen Pearl Campbell" and according to the motion for a nunc pro tunc entry, the parties agreed and admitted that she received the note.

There is no basis or explanation on the face of this record for the delivery of the $5300 note secured by the deed of trust to plaintiff's next friend, except that it was intended to be in payment for the minor's interest in or claim to the described real estate, which the parties, by the contract and stipulation, were seeking to have transferred to and vested in the defendant by a judgment of the circuit court. Defendant in error, in effect, so concedes by his contention that the record shows plaintiff received the note for *her interest* in the land. We further think the inference is clear that the other notes represented the proceeds of the infant plaintiff's alleged interest in the described lands, and that all of the payees were being paid with the proceeds of the property claimed by plaintiff. (See, also the recital in the nunc pro tunc application as set out in the nunc pro tunc entry of judgment "that the judgment . . . as originally en-

tered on said date failed, due to an oversight, to show that Helen Pearl Campbell, received a note . . . in the sum of $5300 *in settlement of her alleged interest.*'' (Italics ours.) The judgment concludes ''that the fee simple title to all of said land *shall be vested* in the defendant Ervin W. Campbell, subject to indebtedness hereinbefore recited and said title quieted against the claims of plaintiff.'' There was no judicial ascertainment that plaintiff did not own the described real estate or have the title she claimed. In view of the plain terms of the judgment, there can be no presumption indulged here against the minor plaintiff based on right action by the court or counsel to fully protect and secure the infant plaintiff's claim of fee simple title to the described real estate.

The judgment is not consistent with defendant's claim that ''defendant has been and now is the owner in fee simple ▮▮▮ of all of said lands,'' nor is it consistent with his prayer that the court adjudge that defendant ''is the absolute owner in fee simple'' of the described lands. Title is vested in defendant solely by reason ·of the terms of the judgment. The judgment shows defendant's right to a judgment in his favor is based upon the stipulation and contract that defendant shall ''by this suit take title.'' The court did not find that defendant had title· by inheritance, because the judgment prescribes the conditions under which he should take the title and the liens to which his title should be subjected. In other words, it appears from the record that there was an agreement that title be vested in defendant by decree of court, subject to the agreed limitations. His title was to be quieted, ''against the claims of plaintiff,'' only upon the delivery of the notes and deed of trust as provided in the judgment, that is, upon payment therefor by the delivery of the notes. The amount of the notes indicates that plaintiff's claim was considered substantial. The mere fact that the judgment recites that evidence was heard is wholly immaterial in view of the express terms of the judgment, showing that it was based upon the stipulation and agreement which the circuit court was without jurisdiction to approve. The management and control of the estate of the minor was within the exclusive jurisdiction of the probate court. Sec. 34, Art. VI, Constitution of Missouri; Sec. 2449, R. S. 1939, Mo. Stats. Ann., Sec. 2058, p. 2648; Art. 16, Chap. 1, R. S. 1939, Sec. 374 et seq., Mo. R. S. A., Sec. 374 et seq.; West St. Louis Trust Company of St. Louis v. Brokaw, 232 Mo. App. 209, 102 S. W. (2d) 792, 796 (5). See also, Heady v. Crouse, 203 Mo. 100, 100 S. W. 1052. Jurisdiction could not be conferred on the circuit court by agreement of the parties or their attorneys. See, State ex rel. McManus v. Muench, 217 Mo. 124, 117 S. W. 25; In re Buckles, 331 Mo. 405, 53 S. W. (2d) 1055, 1057; Bash v. Truman, 335 Mo. 1077, 75 S. W. (2d) 840, 842. The judgment entered was wholly outside the issues made by the pleadings and the court was without jurisdiction to enter the particular judg-

ment. Ecton v. Tomlinson, 278 Mo. 282, 212 S. W. 865; Smith v. Holdaway Construction Co., 344 Mo. 862, 129 S. W. (2d) 894, 903(13); Watts v. Watts, 304 Mo. 361, 363, 263 S. W. 421; Friedel v. Bailey, 329 Mo. 22, 37, 44 S. W. (2d) 9; Sutton v. Anderson, 326 Mo. 304, 31 S. W. (2d) 1026; Hecker v. Bleish, 319 Mo. 149, 175, 3 S. W. (2d) 1008, 1019; Congregation B'Nai Abraham v. Arky, 323 Mo. 776, 778, 20 S. W. (2d) 899, 904; Charles v. White, 214 Mo. 187, 206, 112 S. W. 545. In addition, the stipulation and contract was not binding upon the infant plaintiff, since her next friend was without authority to contract on her behalf or to waive any of her rights in and to the real estate claimed. 27 Am. Jur. 848, Sec. 129.

In the case of Robison v. Floesch Construction Company, supra, (236 S. W. 332, 336), this court said: "There can be no doubt, of course, but that in a suit instituted by a minor by his next friend a judgment may be rendered that will be valid and binding upon him. Such judgment, however, cannot be based merely on the consent of the minor, for he is without discretion, nor on that of the next friend, because he is not invested with either the power or the duty so to do." It has also been held that one acting as next of friend for an infant plaintiff in litigation has no authority to bind the infant by a contract for attorney fees. Houck v. Bridwell, 28 Mo. App. 644; Dillon v. Bowles, 77 Mo. 603, 609; Fenn v. Hart Dairy Co., 231 Mo. App. 1005, 83 S. W. (2d) 120, 127. Other cases deal with the authority of guardians ad litem. "While technically speaking a next friend or prochein ami represents an infant plaintiff, and a guardian ad litem represents an infant defendant, there is little, if any, difference between their functions or powers." 31 C. J. 1118, 1119; Crawford v. Amusement Syndicate Company (Mo. Sup.), 37 S. W. (2d) 581, 584. A guardian ad litem, appointed by the circuit court under Sec. 867 et seq., R. S. 1939, Mo. R. S. A., Sec. 867 et seq., to defend a suit, may not admit anything or waive anything which goes to sustain the adverse party's claim. Kennard v. Wiggins, 349 Mo. 283, 160 S. W. (2d) 706, 712, and cases cited; Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977, 983, and cases cited; Crawford v. Amusement Syndicate Company, supra. Even a guardian appointed by the probate court cannot waive any right the ward may have against a defendant, but is legally bound to exhaust every legal remedy available to protect the ward's property, and the guardian's authority does not extend to the doing of any act detrimental to the ward or to the ratification ▮▮▮ of unauthorized acts. In re Farmers Exchange Bank of Gallatin, 327 Mo. 640, 37 S. W. (2d) 936, 942, and authorities cited.

It is unnecessary to consider whether there was any evidence furnished by the papers and files in the cause, or by the records, or judge's docket upon which to base the nunc pro tunc entry, adding the word "not" and making a finding of fact contrary to the original

180

judgment on the issue of fact concerning the alleged conveyance by Mary F. Campbell. In any event the judgment rendered remained erroneous on the face of the record because based upon a contract and stipulation which the next friend had no authority to make and which the circuit court had no jurisdiction to approve.

The judgment is reversed and the cause remanded. *Hyde, C.*, not sitting; *Bradley, C.*, concurs.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur except *Hays, J.*, absent.