**COMMERCIAL BANK OF ST. LOUIS COUNTY, Plaintiff-Respondent,**

v.

**Ray S. JAMES, Defendant-Appellant,**

and

**City of Olivette, Defendant-Respondent.**

**No. 63892.**

Supreme Court of Missouri,
En Banc.

Oct. 18, 1983.

John Ashcroft, Atty. Gen., Jay Daugherty, Asst. Atty. Gen., Jefferson City, ·for defendant-appellant.

Shulamith Simon, Samuel C. Ebling, St. Louis, for plaintiff-respondent.

Russell D. Jacobson, Kansas City, Karen C. Moculeski, Clayton, for amicus curiae.

RENDLEN, Chief Justice.

Appeal from circuit court judgment in favor of City of Olivette in interpleader action initiated by Commercial Bank of St. Louis County to determine whether $18,045 was properly payable to City as 1981 license tax or to Director of Revenue as 1981 State Bank Tax. Because construction of a revenue law is involved, exclusive appellate jurisdiction lies in this Court. Mo. Const., Art. V, § 3.

Commercial Bank is a state banking institution located in the City of Olivette, a constitutional charter city. Since its Olivette opening in 1959, Commercial Bank has paid an annual license tax to the City for the privilege of doing business therein. Each year, the bank has claimed such payment as a credit against the Missouri Bank Tax as provided in § 148.030, RSMo 1978.[1] The terms of which are as follows:

148.030. 1. Every national banking association and every other banking institution shall be subject to an annual tax for the privilege of exercising its corporate franchises within the state according to and measured by its net income for the preceding year.

2. The rate of tax for each taxable year shall be seven percent of such net income.

3. Each taxpayer shall be entitled to credits against the tax imposed by this law for all taxes paid to the state of Missouri or any political subdivision thereof during the relevant income period, other than taxes on real estate and tangible personal property owned by the taxpayer and held for lease or rental to others, contributions paid pursuant to the unemployment compensation tax law of Missouri, and taxes imposed by this law.

---

1. Unless otherwise noted, all statutory references are to RSMo 1978.

From 1960 to 1979 the annual Olivette license tax on banks was $300. In 1979, the City enacted Ordinance No. 1294, which amended its license tax ordinance to read, "Every banking institution . . . shall pay an annual license fee . . . [of] 7% of net income . . . for each calendar year." The new ordinance further provided:

> The license tax imposed by this Ordinance shall be in effect, payable and owing only so long as payment of the license tax imposed hereby constitutes a credit for taxes paid to a political subdivision under the provisions of Section . . . 148.-030(3) . . . of the Revised Statutes of Missouri. . . . Should the license tax imposed hereby not constitute a credit for taxes paid to a political subdivision under the provisions of Section . . . 148.030(3) . . ., then this ordinance shall thereafter be of no force and effect and the license tax for banking institutions . . . as established by Ordinance 529 . . . shall become effective as to banking institutions. . . .

The effect of Ordinance No. 1294 was to repeal the flat license fee of $300 and replace it with a tax equal in percent to the state bank tax so long as there is no authoritative determination that payment of the City license tax does not constitute a credit against the state bank tax.

In 1980, Commercial Bank paid the Olivette license tax levied by Ordinance No. 1294 and claimed the payment as a credit on its 1980 state bank tax return. The Director of Revenue denied the bank credit for such payment and issued a notice of tax assessment, but the record is silent as to any further activities concerning the Bank's 1980 city or state tax liability.

The record resumes with 1981, when instead of paying city license tax or state bank tax, Commercial Bank filed a petition for interpleader against the City of Olivette [City] and the State Director of Revenue [Director] in the Circuit Court of St. Louis County. The petition was filed prior to April 15, 1981, and alleged in pertinent part:

. . . . .

9. At this time the occupation tax under Ordinance No. 1294 is due and payable to the City of Olivette.

10. The Director of Revenue has taken the position that the tax under Ordinance No. 1294 is invalid and does not constitute a proper deduction against the Missouri Bank tax as provided in section 148.030.3 RSMo (1975). The Director of Revenue has demanded that the amount due the City of Olivette be paid to the State of Missouri and denying Commercial Bank a credit for the sums to be paid by plaintiff to the City of Olivette pursuant to said ordinance.

11. Both defendants named herein have informed Commercial Bank that they expect full and complete payment of any and all sums due pursuant to the Missouri State Bank Tax and the occupation tax levied by City of Olivette Ordinance No. 1294 and that they will make such claims as they deem necessary against plaintiff.

12. By reasons of the actions described in paragraph 10 these claims are of such a nature that Commercial Bank is and will be exposed to multiple liability by reason of being forced to pay the same sum twice as a tax to separate governmental entities.

. . . . .

Whereupon Commercial Bank prayed the Court to require defendants to interplead their claims against it and discharge it from any further liability due to the conflicting claims of defendants.

Defendant City answered the petition for interpleader, admitting all allegations therein and praying for entry of an order of interpleader. The City also filed a cross-claim against the Director, praying for judgment that "it is entitled to the said interpleaded funds."

In his answer, the Director waived venue, admitted the major allegations in plaintiff's petition and included a cross-claim against the City in which he prayed the Court "to rule that Ordinance No. 1294 . . . is invalid with respect to the occupation or license tax imposed upon the plaintiff, to rule that the

plaintiff must file its return to the Director of Revenue on or before the 15th day of April 1981, and pay the bank tax due the State of Missouri in accordance with the statutory rate without claiming any credit for occupation or license taxes imposed by the City of Olivette pursuant to Ordinance No. 1294 ...." Commercial Bank then moved for an order discharging it from the action, and the Director moved to dismiss for lack of subject matter jurisdiction, arguing that exclusive jurisdiction for initial review of decisions of the Director of Revenue is in the Administrative Hearing Commission, not the Circuit Court. On September 28, 1981, the Director's motion was overruled,[2] and Commercial Bank was discharged from the action. At an unidentified point in these proceedings, Commercial Bank deposited into the registry of the court $18,045, an amount stipulated by the Director and City as "claimed by the City to be due to it under Ordinance 1294 as the license tax for the year 1981" and "claimed by Director to be due to the State of Missouri pursuant to Sections 148.010 through 148.110, RSMo as the bank tax for the year 1981."

The case was submitted on the pleadings and stipulated facts, pertinent portions of which are enumerated above, and on February 9, 1982, the trial court entered judgment in favor of the City as follows:

### JUDGMENT

This action in interpleader having been filed, and the funds having been deposited in the registry of the Court and the interpleader plaintiff having been discharged, and the defendants, City of Olivette and Ray S. James, Director of Revenue of the State of Missouri, claimants to such interpleaded funds having submitted this cause on a stipulation of facts and said parties having filed their briefs,

and the Court being now fully advised in the premises, does hereby enter judgment in favor of the City of Olivette and against Ray S. James ... and does hereby order that the interpleaded funds be paid to the City of Olivette.

. . . . .

On appeal, the Director contends the trial court erred in ruling the current Olivette license tax constitutes a valid credit against the state bank tax because the City has no authority to enact such a tax. We must reverse the judgment without deciding this issue, however, because plaintiff failed to state a claim upon which relief can be granted[3] and the trial court, therefore, lacked jurisdiction to grant the relief requested.

The defense of failure to state a claim on which relief can be granted calls into question the trial court's jurisdiction and may therefore be raised for the first time on appeal. Rule 55.27(g)(2); *Harding v. State Farm Mutual Automobile Insurance Co.,* 448 S.W.2d 5, 7–8 (Mo. banc 1969). Likewise, the issue is appropriately raised *sua sponte,* because it is the sound and uniform rule that parties may not create subject matter jurisdiction by agreement. *Campbell v. Campbell,* 350 Mo. 169, 165 S.W.2d 851, 857 (1942). *See Justus v. Webb,* 634 S.W.2d 567, 568 (Mo.App.1982). Although neither defendant in this case contended plaintiff's petition is insufficient to state a claim for interpleader, we have addressed the issue and find it dispositive.

To invoke the jurisdiction of a court to grant relief the claimant's petition must contain facts showing he is entitled to such relief. Rule 55.05. In assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded those reasonable infer-

2. Our effort to determine whether the Administrative Hearing Commission has exclusive jurisdiction over this subject matter in the first instance was hampered by the parties' failure to favor us with a brief on the issue and our inability to discern the nature of the Director's alleged claim against Commercial Bank. For-

tunately, the case can be decided without resolving this issue.

3. We venture no opinion as to the sufficiency of the pleadings in any respect other than those discussed herein.

ences fairly deducible from the facts stated. *Concerned Parents v. Caruthersville School District 18,* 548 S.W.2d 554, 558 (Mo. banc 1977). Mere conclusions of the pleader not supported by factual allegations are disregarded in determining whether a petition states a claim on which relief can be granted. *Tolliver v. Standard Oil Co.,* 431 S.W.2d 159, 162 (Mo.1968). When the sufficiency of a petition is considered for the first time on appeal, admissions and allegations in the answer, *Valleroy v. Southern Railway Co.,* 403 S.W.2d 553, 556 (Mo.1966), evidence introduced without objection, *Harris v. Goggins,* 374 S.W.2d 6, 12–13 (Mo. banc 1963), and stipulated facts, *Chaffin v. County of Christian,* 359 S.W.2d 730, 732 (Mo. banc 1962), are treated as if averred in the pleadings. Rule 55.33(b). A claim for interpleader requires averments showing two facts (1) two or more persons have claims against the plaintiff and (2) the claims are of such a nature that the plaintiff is or may be exposed to double or multiple liability. Section 507.060.[4] Although § 507.060 has broadened the scope of interpleader and abolished many of its former technical requisites, *Plaza Express Co. v. Galloway,* 365 Mo. 166, 280 S.W.2d 17, 21 (1955), the action still compels two or more defendants to *litigate* claims against a plaintiff. The term "claims" in § 507.060 must therefore mean "claims maintainable in court" or "causes of action" against the plaintiff. Although the interpleader plaintiff need not set forth the defendants' claims with as much accuracy as the claimants themselves would do, he must do more than merely state two conflicting claims have been made; he must state facts showing the nature of the claims. Rule 55.05; R. Maclennan, The Law of Interpleader 129–30 (1901). Even as amended by the proof,

Commercial Bank's petition fails to contain facts sufficient to show the existence of a claim by the Director of Revenue against it for determination of 1981 state bank tax due.

The statutory scheme for determination and collection of state bank tax, including provisions for administrative and judicial review, is orderly, comprehensive and specific, indicating legislative intent that its provisions are mandatory and exclusive. Pertinent portions of this statutory scheme include:

Section 148.060. 1. The ... [state bank tax] shall be due and payable upon the last day upon which a return must be filed under section 148.050.

Section 148.050. Every taxpayer shall file a [state bank tax] return with the director on or before the fifteenth day of April in each year. The director may grant a reasonable extension of time for filing returns under such rules and regulations as he shall prescribe....

Section 148.070. In event the director of revenue determines that the correct amount of the tax is greater than that computed by the taxpayer, he shall, upon such determination, notify the taxpayer thereof by mail. The taxpayer may seek review of the determination of the director of revenue by the administrative hearing commission.

Section 161.273. Except as otherwise provided by law, any person or entity shall have the right to appeal to the administrative hearing commission from any finding, order, decision, assessment or additional assessment made by the director of revenue.... Decisions of the administrative hearing commission under

---

4. Section 507.060 provides:

Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and

independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this section supplement and do not in any way limit the joinder of parties permitted in section 507.-040.

this section shall be binding subject appeal by either party. . . .

Section 161.337. Final decisions of the administrative hearing commission in cases arising under the provisions of . . . section 161.273 shall be subject to review pursuant to a petition for review to be filed in the court of appeals . . . or, where constitutionally required or ordered by transfer, to the supreme court. . . .

Section 536.100 . . . Unreasonable delay on the part of any agency in deciding any contested case shall be grounds for an order of the court either compelling action by the agency or removing the case to the court for decision.

▆ In this comprehensive statutory scheme, we perceive only two instances in which the Director of Revenue is empowered to initiate suit against a taxpayer for determination of 1981 state bank tax due: (1) the Director may appeal a decision by the Administrative Hearing Commission reviewing his determination that additional tax is due, § 161.273, RSMo Cum.Supp.1982 and § 161.337, and (2) the Director may petition to remove the case to court upon unreasonable delay by the Commission. Section 536.100. There is no authority for the Director of Revenue to file suit for a judicial declaration as to the correctness of his initial determination that an additional amount of state bank tax is due from a taxpayer for the year 1981. Upon any such determination, he must "notify the taxpayer thereof by mail," in which event, the taxpayer may dispute the Director's determination by filing a timely petition for review with the Administrative Hearing Commission, § 148.070. If no petition is filed, the Director's determination becomes final, *Springfield Park Central Hospital v. Director of Revenue,* 643 S.W.2d 599, 600 (Mo. 1983), and ordinarily immune from collateral attack. *State v. Kosovitz,* 342 S.W.2d 828 (Mo.1961). The Director of Revenue has no *claim* against Commercial Bank in connection with 1981 bank tax due unless he has determined an additional amount is due, mailed notice thereof to the Bank, the Bank has filed a timely petition for review with the Administrative Hearing Commis-

sion, and the Commission has decided the case or unduly delayed. *See Excel Drug Co., Inc. v. Missouri Department of Revenue,* 609 S.W.2d 404, 409–10 (Mo. banc 1980). Even as amended by the record, plaintiff's petition fails to show such a claim. While it might be inferred the Director has determined an additional amount of state bank tax is due from Commercial Bank for the year 1981, there is no basis for an inference that the required notice has been mailed or the prescribed administrative remedies pursued. Plaintiff's complaint, therefore, fails to contain the statutorily required facts showing "two or more persons having claims against the plaintiff" and does not state a claim upon which interpleader can be granted.

▆ The parties in this case would have us go beyond the statute and recognize an equitable cause of action in the nature of interpleader apparently on the theory that the City of Olivette and Director of Revenue may both acquire claims against Commercial Bank for money owed only to one, and the Bank has no adequate legal remedy to extinguish the possibility of multiple suits. We decline to do so on the basis of a record that leaves us unpersuaded Commercial Bank cannot obtain complete relief in a single proceeding by (1) paying the Olivette license tax and taking whatever steps are necessary to preserve its right to a refund, (2) filing a 1981 bank tax return with the Director of Revenue and claiming as a credit the amount paid to Olivette, (3) awaiting a determination by the Director of Revenue that additional tax is due and appealing the determination to the Administrative Hearing Commission, and (4) obtaining judicial review of any adverse Commission decision. *See Westglen Village Associates v. Leachman,* 654 S.W.2d 897 (Mo. banc 1983).

Plaintiff's complaint was insufficient to invoke the jurisdiction of the trial court to grant interpleader. The judgment is reversed and the cause remanded with an order to dismiss.

WELLIVER, HIGGINS, GUNN, DONNELLY, JJ., MAUS, Special J., and SEILER, Senior J., concur.

**24**

BILLINGS, J., not sitting.

BLACKMAR, J., not participating because not a member of the Court when cause was submitted.