Norman Neel PROCTOR, et
al., Appellants,

v.

TOMAHAWK MORTGAGE COMPANY,
INC., Respondent.

No. WD 39226.

Missouri Court of Appeals,
Western District.

April 5, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 31, 1988.

Gordon J. Gamm, Kansas City, for appellants.

Thomas Neff, Norman I. Reichel, Wallace, Saunders, Austin, Brown and Enochs, Chtd., Kansas City, for respondent.

Before GAITAN, P.J., and
TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Norman Neel Proctor and Eugenia M. Somers (hereafter Proctor) filed suit against Tomahawk Mortgage Company, Inc. and Elvis L. Cloyd and Jeannie M. Cloyd for damages arising out of a real estate transaction. Tomahawk filed a counterclaim and cross-claim for interpleader. Judgment was entered sustaining the interpleader. The court entered summary judgment in favor of Tomahawk and against Proctor on Proctor's claim contained in his original petition. The court entered summary judgment in favor of Proctor and against the Cloyds on the claims asserted against them in the Proctor petition. The Cloyds have not appealed from that judgment.

The court entered judgment on the interpleader that Tomahawk pay the sum of $39,610.09 into court, which was the amount in the fund held by Tomahawk. The court later entered judgment that Proctor was entitled to receive such sum. The court also ordered Tomahawk to pay prejudgment interest on that amount and refused to award Tomahawk any attorney fees.

Proctor has appealed the judgment in favor of Tomahawk on his claim against Tomahawk for actual and punitive damages. Tomahawk has appealed from the order that it pay prejudgment interest on the sum paid into court under the interpleader and the denial of its request for attorney fees. Affirmed in part and reversed in part.

Proctor alleged in his petition that he had contracted to sell certain real estate to the Cloyds subject to the Cloyds' ability to obtain a conventional loan. It was alleged that the Cloyds obtained such a loan from Tomahawk. It was further alleged that Proctor was to obtain a termite inspection on the house before closing. Such inspection was made, and a report was delivered prior to closing indicating that there was termite damage to the floor joist under the storage room. It was alleged that the sale was subsequently closed by the delivery of a deed from Proctor to the Cloyds and without any action on the termite report.

The Cloyds thereafter executed the proper documents to obtain a loan from Tomahawk secured by the real estate purchased.

Proctor alleged that while acting as an escrow agent, Tomahawk was a fiduciary and that in the closing of the real estate transaction, Tomahawk breached its fiduciary duty by delivering the deed to the Cloyds without paying the amount due Proctor. A second count alleged that Tomahawk misappropriated the Proctor deed by transferring it to the buyer without paying Proctor and that Tomahawk thereafter profited by charging the Cloyds interest on their loan. A further count alleged that the Cloyds had requested Tomahawk not to pay the amount due Proctor and were thereby guilty of tortious interference with contract. The petition alleged both actual and punitive damages.

Tomahawk filed a counterclaim against Proctor and a cross-claim against the Cloyds in which it sought to implead Proctor and the Cloyds so that the court could determine the rightful owner of the sum of $39,610.09, which Tomahawk said it was holding. Tomahawk alleged that Proctor had demanded to be paid that amount and that it had received a letter from an attorney for the Cloyds requesting that the funds held by Tomahawk not be disbursed to Proctor because of termite damage to the improvements on the property purchased by the Cloyds.

The court entered judgment on the interpleader petition finding that Tomahawk had paid $39,610.09 into the registry of the court, which was the sum held by it, and ordered Tomahawk to pay prejudgment interest on such amount but failed to award any attorney fees to Tomahawk. The court further found that Tomahawk was discharged and dismissed from all liability as to Proctor and the Cloyds.

The court entered judgment in favor of Tomahawk and against Proctor on the claims contained in Proctor's petition against Tomahawk for actual and punitive damages.

The facts necessary to resolve this dispute are not in question.

Proctor and Tomahawk disagree over the correctness of the court's entry of judgment sustaining the interpleader petition filed by Tomahawk. As noted, the petition of Tomahawk for interpleader alleged that Proctor had made claim to the amount held by Tomahawk and alleged that the Cloyds had requested Tomahawk not to pay Proctor because of termite damage. The petition did not allege that the Cloyds were making any claim to the fund held by Tomahawk but only alleged that the Cloyds had requested Tomahawk to refuse to pay out the money to Proctor until the termite damage issue was settled.

■ In *Commerce Bank of St. Louis County v. James*, 658 S.W.2d 17, 22 (Mo. banc 1983), the court stated the requirements for pleading an interpleader. The first of these is an averment that two or more persons have claims against the plaintiff. Here, the petition in interpleader did not allege that the Cloyds had a claim against Tomahawk. The petition must allege facts showing that a plaintiff is entitled to interpleader, and a failure to do so results in a failure to state a cause of action. *Baden Bank of St. Louis v. Trapp*, 180 S.W.2d 755, 758[4] (Mo.App. 1944). Absent a pleading by Tomahawk that the Cloyds had made a claim against it, Tomahawk's petition failed to allege the necessary facts to show that it was entitled to interpleader. For that reason, the court erred in sustaining the Tomahawk petition for interpleader.

The holding that Tomahawk was not entitled to interpleader makes the appeal by Tomahawk moot. For that reason, the appeal of Tomahawk is dismissed.

■ Proctor contends that the court erred in entering judgment against him on his claim for punitive damages against Tomahawk as alleged in his petition. Proctor contends that Tomahawk was a fiduciary as to him and that when Tomahawk breached its fiduciary duty to pay Proctor the money due him as the seller, it became liable for punitive damages. In *Gibson v. Gibson*, 534 S.W.2d 100, 104[4, 5] (Mo.App. 1976), the court stated that a fiduciary relationship "extends to instances in which a special confidence is reposed on one side and there is resulting *domination and influence* on the other" (emphasis in original).

Proctor did not plead any facts in his petition that would show that Tomahawk occupied a fiduciary relationship as to him. The petition stated in conclusory terms only that Tomahawk was a fiduciary by acting as escrow agent and by closing the sale. The facts are not in dispute as to the relationship between Tomahawk and Proctor. These facts reveal that Tomahawk made a loan to the Cloyds, and after paying the first mortgage which Proctor had on the property, Tomahawk was to pay Proctor the balance. Tomahawk acted as the closing agent for the sale because it was making the purchase money loan to the Cloyds. Proctor did not choose Tomahawk nor did he repose any special confidence in Tomahawk. The only relationship between Tomahawk and Proctor was that of debtor-creditor because Tomahawk admittedly was to pay Proctor the purchase price from the proceeds of the loan it was making to the Cloyds, less the payoff on the first mortgage. Thus, Tomahawk did not occupy a fiduciary relation to Proctor. For that reason, it is not necessary to decide the liability of a fiduciary for punitive damages.

Tomahawk contends it could not pay Proctor prior to December 4, 1984, because of a delay in Tomahawk being able to ascertain the amount of the payoff on the first mortgage. Tomahawk admits that it paid the first mortgage on November 26, 1984. It contends, however, that the release papers from the first mortgage holder were not received until after December 4, 1984, the date on which the Cloyds requested Tomahawk not to make payment to Proctor because of the termite damage. Tomahawk contends that this excused it from paying Proctor until its interpleader was sustained. It has been held above that Tomahawk was not entitled to interpleader and that the Cloyds had not in fact made any claim against Tomahawk for any sum held by Tomahawk. Therefore, Tomahawk

could have paid Proctor at the same time it paid the first mortgage.

■ The allegations in Proctor's petition plead no more than a breach of contract on the part of Tomahawk for its failure to pay Proctor the amount due him from the sale of his real estate. Although couched in terms of tortious interference with contract and fiduciary duty, the essence of the petition is a simple breach of contract claim. Generally, punitive damages are not allowed for breach of contract. *Smith v. American Bank & Trust Co.*, 639 S.W.2d 169, 176[16, 17] (Mo.App.1982). The exception would be when the breach amounts to an independent, willful tort. *Id.* There is no allegation of an independent, willful tort committed by Tomahawk. The only allegation is that Tomahawk owed Proctor a sum of money, which it failed to pay. In that circumstance, the court was correct in entering judgment denying Proctor an award of punitive damages from Tomahawk.

■ The measure of damages for failure to pay money when due is prejudgment interest on the amount due. *Ehrle v. Bank Building & Equipment Corporation of America*, 530 S.W.2d 482, 497[31, 32] (Mo.App.1975). It is agreed that the buyers took possession of the property on October 29, 1984. There was some question as to the amount due on the first mortgage but that was cleared up, and Tomahawk paid the first mortgage on November 26, 1984. Thus, Tomahawk held the sum of $39,610.09 from November 26, 1984, and failed to pay Proctor from and after that date. The court should have entered judgment in favor of Proctor on his claim in his petition against Tomahawk in the amount of $39,610.09, together with interest at the rate of 9% from November 26, 1984, until November 25, 1986, when Tomahawk paid that sum into the registry of the court.

That part of the judgment sustaining the Tomahawk interpleader is reversed. The judgment in favor of Tomahawk on Proctor's claim for punitive damages is af-

firmed. That part of the judgment finding the issues in the Proctor petition against Tomahawk in favor of Tomahawk for actual damages is reversed and this cause is remanded with directions to enter judgment in favor of Proctor and against Tomahawk in the sum of $39,610.09, together with interest at 9% from November 26, 1984, to November 25, 1986. The judgment shall further order the court administrator to pay out the sum of $39,610.09 [1] to Proctor. The record does not reflect whether or not Proctor complied with § 483.310, RSMo 1986, so as to be entitled to interest on the amount payable to him by the court administrator for the time that such amount was held by the administrator. The court is directed to hold a hearing to determine if Proctor is entitled to interest under § 483.310 and if so, the amount thereof. The appeal of Tomahawk is dismissed. Costs of this appeal are divided equally between Proctor and Tomahawk.

All concur.

---

**1.** There is confusion in the record as to the exact amount paid into court by Tomahawk. The court should determine the correct amount.